SCHOTT, Chief Judge.
In this worker’s compensation case the employer and its insurer have appealed from a summary judgment ordering them to pay certain medical expenses. The Office of Worker’s Compensation of the Department of Labor (Office) issued a recommendation for the payment of temporary total benefits to plaintiff and: “In addition, all related medical expenses should be paid in accordance with the Act.” The defendants neither accepted nor rejected the recommendation. The principal issue is whether defendants’ failure to reject the recommendation precludes their attack on the summary judgment granted in this particular case and whether the record supports any sort of waiver by defendants of objections to the payment of these expenses.
Plaintiff was injured on the job on January 4, 1989. He was treated by Dr. Batta-lora and hospitalized from January 9 through February 2. From defendants’ answers to plaintiff’s interrogatories it was established that they were well aware of this hospitalization and the attendant hospital bill in the amount of $11,504.66 at least by February 20. This was within the thirty day period following the date of the recommendation of the Office on February 6 during which defendants had the right to notify the Office of their rejection of the recommendation. Plaintiff was hospitalized a second time from February 23 through March 7, this time undergoing lumbar spine surgery. The second hospital bill was for $9,118.65. Dr. Battalora’s bill for $7,310 included only $1,300 for services rendered prior to the second hospitalization.
Defendants contend that their obligation to pay “related” medical expenses “in accordance with the Act” entitles them to question plaintiff’s bills. They rely in particular on LSA R.S. 23:1142 which limits their liability under certain circumstances and R.S. 23:1124 which imposes penalties on the worker for refusing to submit to a medical examination by a physician of the employer’s choice.
Plaintiff contends that defendants have treated him unfairly in that they were well aware of his need for medical treatment and by failing to reject the Office’s recom *370 mendation they are absolutely precluded from resisting payment of any of his bills.
The problem with the case is that the judgment appealed from is a summary judgment and not a judgment following a trial. A summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and affidavits show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. C.C.P. art. 966. Much of what plaintiff relies on is not properly included in the record. For example, Dr. Battalora’s bill and the second hospital bill are simply attached to his trial court memorandum. There is no documentation in the record to show the relationship of these bills to plaintiff’s accident. There was a deposition of Dr. Battalora, but this is not a part of the record. Plaintiff makes much over his perceived equivocation and ambiguity in the defendants’ answers to his interrogatories, but his remedy was to take issue with these answers in the trial court where proper answers could have been compelled and even penalties assessed if appropriate. The appellate court cannot read between the lines of these answers or otherwise find in them something that is not apparent.
On the other hand, defendants’ affidavits raise the issues that plaintiff prevented them from obtaining information as to his treatment and refused to be examined by defendants’ physician. While plaintiff’s argument that defendants waived these objections may have merit, the record before this court does not provide a basis for resolving the controversy.
We have concluded that the summary judgment ordering defendants to pay these bills is not supported by the record. The reversal of a summary judgment in no way implies that plaintiff cannot or will not prevail at a trial, but the likelihood of success at trial is irrelevant to the question of the propriety of a summary judgment.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of defendants denying plaintiff’s motion. The case is remanded to the trial court for further proceedings. The costs of this appeal are assessed against plaintiff. All other costs are to await the outcome of the case.
REVERSED AND REMANDED.