# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1404


**GILBERT DOUGLASS**

**VERSUS**

**DR. JAMES H. EASTON & THE LAFAYETTE PARISH SCHOOL BOARD**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 200443605
HONORABLE DURWOOD CONQUE,
DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**J. DAVID PAINTER
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Glenn B. Gremillion, and J. David Painter, Judges.


**REVERSED AND RENDERED.**



**Anthony J. Fontana**
**210 N. Washington St.**
**Abbeville, LA 70510**
**Counsel for Plaintiff-Appellant:**
       **Gilbert Douglass**

**L. Lane Roy**
**Dawn L. Morris**
**Tori E. Sherer**
**102 Versailles Blvd, Ste. 400**
**Lafayette, LA 70509**
**Counsel for Defendant-Appellee:**
       **Lafayette Parish School Board**

Painter, Judge.

The Plaintiff, Gilbert Douglass, appeals the trial court's judgment dismissing his breach of contract suit pursuant to a motion for summary judgment filed by the Defendant, Lafayette Parish School Board (School Board). Finding that the School Board has not carried its burden under La.Code Civ. P. arts. 966 and 967, we reverse the judgment and remand to the trial court.

FACTS AND PROCEDURAL HISTORY

In May 1999, after serving as assistant principal at Carencro Middle School for several years, Douglass was appointed principal at that school, and he and the School Board entered an employment contract for a period of two years, beginning August 5, 1999 and ending August 4, 2001. The contract was renewed under the same terms for a period beginning August 4, 2001 and ending August 3, 2005. Effective July 21, 2003, Douglass was transferred to the position of assistant principal at Comeaux High School at the same compensation he had received as Principal. On July 23, 2004, he filed this suit for breach of the contract executed in connection with his retention as principal of Carencro Middle School. On September 21, 2005, he signed a two year contract for the position of assistant principal of Comeaux High School.

The School Board filed a motion for summary judgment asserting that no material issue of fact remained because Douglass was not terminated or demoted, that because a new contract was negotiated, Douglass was not entitled to written charges, notice, or a hearing, that Douglass acquiesced to his new assignment by signing a new contract and cannot now complain of his decision, and that, by law, Douglass is not entitled to non-pecuniary damages. The School Board supported its motion with copies of the employment contracts and an affidavit of Ramona Bernard, Director of

1

Human Resources for the School Board, certifying the correctness of the copies of the contracts. Douglass filed a memorandum in opposition to the motion for summary judgment asserting that by its terms the contract required that he be removed only for incompetence, inefficiency, or failure to fulfill the terms and performance objectives of the contract and mandated that he be transferred only to "another position of equal pay, rand and responsibility." He argued that his transfer to an assistant principal position was, in fact, a termination and, as such, required written notice and a hearing pursuant to La.R.S. 17:444. Douglass asserted in the memorandum that he did not sign the contract for the assistant principal position voluntarily, and, as a result, did not thereby acquiesce in his transfer. Douglass did not, however, submit affidavits, deposition testimony, or other documentation in support of his opposition memorandum.

After a hearing, the trial court granted the motion for summary judgment and rendered judgment dismissing Douglass' claims against the School Board. Douglass appeals.

## DISCUSSION

*Summary Judgment*

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); *Yarbrough v. Federal Land Bank of Jackson*, 31,815 (La.App.2d Cir.03/31/99), 731 So.2d 482. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); *Leckie v. Auger Timber Co.*, 30,103 (La.App.2d Cir.01/21/98), 707 So.2d 459. The burden of proof remains with the mover. However, if the party moving for summary judgment will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, then that party need not negate all essential

elements of the adverse party's claim, action, or defense but may simply point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense; thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy the evidentiary burden of proof at trial, there is no genuine issue of material fact. *See*, La. C.C.P. art. 966(C)(2). When a motion is made and supported, as required by La. C.C.P. art. 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.

Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Kennedy v. Holder*, 33,346 (La.App.2d Cir.05/10/00), 760 So.2d 587.

*Sidwell v. Horseshoe Entm't Ltd. P'ship*, 35,718, pp. 2-4 (La.App. 2 Cir. 2/27/02), 811 So.2d 229, 230-31, *quoted in Semien v. EADS Aeroframe Services, LLC,* 04-760, pp. 2-3 (La.App. 3 Cir. 2/2/05), 893 So.2d 215, 216-17.

Douglass did not support his opposition to the motion for summary judgment with depositions or affidavits.

An adverse party to a supported summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.Code Civ.P. art. 967.

*Townley v. City of Iowa*, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.

In this case, Douglass asserted at the hearing that no affidavits were necessary because the School Board was not entitled to judgment as a matter of law under the terms of the contract. Because this case turns on the employment contract and actions not in dispute, i.e., the signing of a contract for the position of Vice-Principal at Comeaux High School, we will examine de novo the contentions of the School

Board to determine whether issues of fact remain and whether the School Board is entitled to summary judgment as a matter of law.

*Acquiescence*

The School Board asserts that no question of fact remains but that Douglass acquiesced in his transfer by signing a new contract for the position of assistant principal of Comeaux High School in September 2005. The School Board argues that by so doing Douglass lost his claim for breach of contract including failure to comply with the notice and hearing requirements of the contract. It is apparently the position of the School Board that the contract for employment as assistant principal of Comeaux High School, which contains neither reservation of rights nor indication that it was signed under protest and to which Douglass' signature is affixed, is prima facie evidence of Douglass' acquiescence in the transfer. The School Board asserts that acquiescence in the action of the School Board would ordinarily conclude Douglass' right to proceed for breach of contract. Normally, by signing the contract of employment, Douglass accepted the school board's terms and the position of assistant-principal. *See Smith v. Evangeline Parish School Bd.*, 95-284 (La.App. 3 Cir. 10/4/95). Douglass asserted in his opposition to the motion for summary judgment that he was coerced into signing the contract because he could not continue to work and collect his salary if he did not sign. However, if School Board had carried its burden of showing an acquiescence, the burden would have shifted to Douglass to come forth with evidence in the form of affidavits or discovery responses raise an issue of fact with regard to whether he was coerced into signing the contract, that he reserved his right to pursue his breach of contract claim, or that he signed under protest. He could not rest on the allegations made in his pleadings or

4

memoranda. *See* La.Code Civ.P. arts. 966 & 967. However, it is clear on the face of the contracts that Douglass only signed a new contract for the position of vice-principal after the term of his contract for the position of principal had expired. The School Board does not cite, and we cannot find, any jurisprudence which would suggest that a party who sues for breach of an employment contract cannot, without waiving his rights, sign a new contract with his employer after the expiration of the term of the contract sued upon. Therefore, we conclude that the School Board is not entitled to summary judgment as a matter of law based on acquiescence.

*Non-pecuniary Damages*

Citing jurisprudence to the effect that damages for non-pecuniary losses are not available for breach of an employment contract, the School Board asserts that it is entitled to summary judgment because no question of fact remains but that Douglass asked only for damages arising from non-pecuniary losses.

The School Board is correct in its assersion that non-pecuniary losses cannot be recovered for breach of a contract not intended to gratify a non-pecuniary interest unless "'the obligor knew, or should have known, that his failure to perform would cause that kind of loss.' La.Civ.Code art.1998." *Richard v. Gary Matte Builders, Inc.*, 06-0808, p. __ (La.App. 3 Cir. 11/8/06), ___ So.2d ___, ___.

Douglass, in his petition for damages, alleges the following damages:

a. Mental anguish, humiliation and embarrassment;

b. Damages to his professional reputation and loss of esteem among the public;

c. Damage to future promotions and ability to obtain similar or better employment in the Parish or else where (sic);

d. Change of job requiring a change of duties, loss of prestige, loss of opportunity to direct educational direction of school;

5

e.   Loss of years of experience as a principal which also affect promotional opportunities.

Reviewing these allegations, we cannot say that they represent only non-pecuniary interests, in that a question remains as to whether with loss of promotion Douglass also suffered loss of concomitant salary increases. Nothing in the supporting documents filed by the School Board deals with this question. The School Board merely attached a copy of Douglass's petition for damages to its memorandum in support of its motion for summary judgment. Accordingly, we cannot say that the School Board has shown that no question of fact remains in this regard. Therefore, we find that the School Board is not entitled to summary judgment on this basis.

## CONCLUSION

Finding that the School Board has not shown that it is entitled to summary judgment as provided by La.Code Civ. P. arts. 966 and 967, we reverse the trial court's grant of the School Board's motion for summary judgment. This matter is remanded to the trial court for further proceedings. Costs of this appeal are to be paid by the Lafayette Parish School Board.

REVERSED AND RENDERED.