# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-511

CHERMAINE DIBARTOLO, ET UX.

VERSUS

STAGE ONE– THE HAIR SCHOOLS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-1310
HONORABLE CLAYTON DAVIS, PRESIDING
**********

## SYLVIA R. COOKS
## JUDGE

**********

Court composed of Ulysses G. Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**REVERSED AND REMANDED.**

Barry A. Roach
Larry A. Roach, Inc.
2917 Ryan Street
Lake Charles, LA 70601
(337) 433-8504
COUNSEL FOR PLAINTIFF/APPELLANT:
    Chermaine Dibartolo


Kristen B. Menard
Pinhook Tower, Suite 603
2014 West Pinhook Road
Lafayette, LA 70508
(337) 235-7888
COUNSEL FOR DEFENDANT-APPELLEE:
    Stage One–The Hair School

**COOKS, Judge.**

The Plaintiff, Chermaine Dibartolo, appeals the trial court's grant of Defendant's Motion for Summary Judgment dismissing her personal injury lawsuit. For the following reasons, we reverse and remand, finding there are genuine issues of material facts present that preclude summary judgment.

## FACTS AND PROCEDURAL HISTORY

On March 16, 2006, Chermaine Dibartolo, was a student at Stage One-The Hair School (hereafter Stage One). Ms. Dibartolo was assigned to clean up in the classroom where she and six other students were training. As she was exiting the classroom, Ms. Dibartolo tripped over her own bag. As a result, she suffered "severe bodily injuries." Ms. Dibartolo filed a Petition for Damages, asserting Stage One was negligent for the following reasons:

(1)    Permitting class to be held in a classroom which was too small for students to safely move around the room and/or exit in and out;

(2)    Failing to have safety procedures, operating rules and safety training of students to assure that the large rolling bags that students were required to bring to class were not left in the doorway and walk areas of the classroom;

(3)    Failing to exercise reasonable care under the circumstances.

Ms. Dibartolo also specifically pled the doctrine of strict liability. Ms. Dibartolo's husband also joined the suit, requesting damages for his loss or consortium.

Stage One filed a Motion for Summary Judgment alleging that Ms. Dibartolo tripped over her own bag and was at fault in carrying two mannequin heads while walking and, thus, was unable to see her bag which had fallen in the doorway. Ms.

Dibartolo opposed the motion for summary judgment, stating there were issues of material fact precluding summary judgment in this matter.

A hearing was held on the motion for summary judgment, wherein the trial court ruled in favor of Stage One, finding summary judgment was appropriate. The trial court concluded the classroom's "ingress and egress was not the issue. [The classroom] was only unsafe because there was a bag in the way." The trial court emphasized the accident did not occur because it was "a small room" and a "big crowd," but because Ms. Dibartolo's bag had fallen in the doorway. Based on those uncontested facts, the trial court concluded summary judgment was warranted.

Ms. Dibartolo appeals the trial court's grant of summary judgment, contending the record contained genuine issues of material fact which preclude the granting of summary judgment.

## ANALYSIS

In *Beard v. Grey Wolf Drilling Co.*, 00-345, pp. 2-3 (La.App. 3 Cir. 11/2/00), 774 So.2d 287, 288-89, we set forth the standard of appellate review of summary judgments:

> At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. *Schroeder v. Board of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991); *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La.1/16/98), 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
>
> . . . .
>
> The threshold question in reviewing a trial court's grant of

summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La.3/13/98), 712 So.2d 882. Thereafter, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id*. Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id*.

Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050. The court must draw those inferences from the undisputed facts, which are most favorable to the party opposing the motion. *Id*.

To determine whether the trial court erred in granting summary judgment in favor of Stage One, we must determine whether there are any genuine issues of material fact. In conducting our review, we must construe any factual inferences drawn from the evidence in favor of Ms. Dibartolo, who is opposing the Motion for Summary Judgment. Further, in determining whether an issue is genuine, this Court cannot make determinations on the merits of Ms. Dibartolo's claim, make credibility determinations, or evaluate the weight of the evidence. *See Independent Fire Insurance Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 236.

Stage One argued below that Ms. Dibartolo's theory of liability consisted of the assertion that Stage One should have warned her not to place her bag on the floor where it presented a possible hazard. However, in her deposition, Ms. Dibartolo testified she did not place her bag near the doorway, and did not know how it got near

the doorway. Thus, she contends she never alleged Stage One's negligence derived from a failure to warn her not to place her bag near the doorway. Instead, she alleged that Stage One failed to provide adequate storage space for the students' bags, which forced the students to place their bags inside an already cramped classroom. She further insisted that the small amount of working space and lack of storage facilities forced the students to place their bags against the wall and sometimes near the doorway. Ms. Dibartolo maintained that the only reason her bag was present in the classroom is that she had nowhere else to store it.

The record established the classroom was ten feet, seven inches by nine feet (10' 7" x 9') and, on the day in question, there were a minimum of six students in the classroom. A large table where the students worked was set up in the middle of the room, and as set forth earlier the students had no choice but to bring their rolling bags into the classroom and place them against the wall. Ms. Dibartolo alleged the only place the bags could be kept was against the wall, and, when there were six or more students, it was inevitable that a bag would be near the doorway. Ms. Dibartolo presented an affidavit from Chief T.A. Jones of the Lake Charles Fire Department stating that the maximum number of people that should be in a 10' 7" x 9' room is five. Ms. Dibartolo maintains, on the day of the accident, there were at least six students in the classroom and at times an instructor. Combine the excessive number of people with the fact that the room contained a large table in the middle and six large bags against the wall, established there was a lack of space to freely walk into and out of the classroom. These alleged facts she contends are sufficient to provide a basis for finding Stage One liable for the injuries sustained as a matter of law.

In granting the motion for summary judgment, the trial court relied primarily on its conclusion that there was no link between the size of the room and the cause of the accident. Although it was not established who knocked Ms. Dibartolo's bag down, there certainly is a realistic dispute that whomever knocked down the bag did so due to the lack of space in the classroom. Ms. Dibartolo's contention that the lack of storage space was a contributing factor in causing the accident also creates a genuine dispute which is relevant in assigning liability in this case.

Stage One further argues it has no duty to protect Ms. Dibartolo from her own negligence. Specifically, it contends the accident would not have occurred had Ms. Dibartolo's vision not been obscured by the two mannequin heads she was carrying. However, as Ms. Dibartolo counters, she was carrying the mannequin heads as per the instructions of Stage One. The arguments by Stage One as to Ms. Dibartolo's negligence may well create issues involving comparative fault, but they do not by themselves absolve all potential claims of negligence made against Stage One.

We also note the trial court emphasized below that it did not believe Ms. Dibartolo would have success at a full trial on the merits, specifically stating he could not "see a jury running with this at all." While the court's prognostication could be accurate, it is not grounds for summary judgment. "[T]he likelihood of success at trial is irrelevant to the question of the propriety of a summary judgment." *Montgomery v. Boh Bros. Const. Co., Inc.*, 572 So.2d 368, 370 (La.App. 4 Cir. 1990). While Stage One's theory may prevail at trial as being more credible than Ms. Dibartolo's theories, it entails credibility calls, and as such is not a matter proper for summary judgment.                    **DECREE**

After reviewing the facts in a light more favorable to Ms. Dibartolo, the party opposing the motion for summary judgment, we find she has successfully raised material issues of fact such as to preclude summary judgment. Accordingly, we find the trial court erred in granting the motion in favor of Stage One, and we, therefore, reverse the trial court's granting of summary judgment and remand this case for further proceedings.

**REVERSED AND REMANDED.**