STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-174

GERALD O. BELL

VERSUS

PATRICK THIBODEAUX AND
AFFILIATED BLIND OF LOUISIANA, INC.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2007-6244
HONORABLE EDWARD BROUSSARD, DISTRICT JUDGE

************

DAVID E. CHATELAIN[*]
JUDGE

************

Court composed of Sylvia R. Cooks, Billy Howard Ezell, J. David Painter, Shannon
J. Gremillion, and David E. Chatelain, Judges.

Cooks, J., dissents and assigns written reasons.
Painter, J., dissents for the reasons assigned by Judge Cooks.

AFFIRMED.

Harold D. Register, Jr.
Attorney at Law
216 Rue Louis XIV
Lafayette, Louisiana  70508
(337) 981-6644
Counsel for Plaintiff/Appellant:
        Gerald O. Bell

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**Mark R. Pharr, III**
**Bobby G. Hawkins**
**Galloway, Johnson, Tompkins, Burr & Smith**
**4021 Ambassador Caffery, Suite 175**
**Lafayette, Louisiana  70503**
**(337) 735-1760**
**Counsel for Defendants/Appellees:**
     **Affiliated Blind of Louisiana, Inc.**
     **Patrick Thibodeaux**

**CHATELAIN, Judge.**

Plaintiff appeals a judgment of the trial court granting summary judgment in favor of Defendants and dismissing his tort claims against them with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In December of 2006, Patricia A. Bell, who was legally blind, enrolled as a student at Affiliated Blind of Louisiana, Inc. (Affiliated Blind). Ms. Bell was twenty-nine years of age. Affiliated Blind is a training center that provides particularized instruction to hearing and seeing impaired individuals on how to function in society in light of their impairments. Ms. Bell underwent a two-week initial assessment to determine her strengths and weaknesses. Patrick Thibodeaux (Mr. Thibodeaux), a long-time employee of Affiliated Blind, performed the assessment. Mr. Thibodeaux is also legally blind. Following the assessment, Ms. Bell began her formal training with Affiliated Blind in January of 2007 and worked with Mr. Thibodeaux four days a week for approximately two hours each day.

On May 6, 2007, Ms. Bell was instructed to independently traverse a stairwell. While attempting to climb the stairs, she fell and injured herself, requiring medical attention. Ms. Bell filed suit on November 19, 2007, against Mr. Thibodeaux and Affiliated Blind (Defendants), alleging that:

> As a result of the accident, plaintiff, Patricia Bell sustained serious injuries to her body, necessitating immediate medical treatment. The plaintiff has also experienced multiple seizures and sustained severe headaches as a result of the fall.

Unfortunately, Ms. Bell passed away on July 10, 2008. The death certificate listed "long-standing kidney disease" as the cause of death. As a result of Ms. Bell's death,

1

her former husband, Dr. Gerald O. Bell, on behalf of Ms. Bell's minor son, Hunter Bell, was substituted as Plaintiff.

After answering Plaintiff's petition, Defendants filed a motion for summary judgment, contending they did not breach any duty owed to Ms. Bell. After conducting a hearing on the motion, the trial court granted summary judgment stating "since the original plaintiff is deceased, I don't see how he could prevail anyway."[1] Plaintiff appeals, contending the trial court erred in granting summary judgment.

## DISCUSSION

In *Dinger v. Shea*, 96-448, pp. 4-5 (La.App. 3 Cir. 12/11/96), 685 So.2d 485, 488-89, we set forth the standard of appellate review of summary judgments:

> Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Potter v. First Federal Sav. and Loan Ass'n*, 615 So.2d 318 (La.1993). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A fact is "material" if its existence potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the relevant legal dispute. *Cormier v. Wise*, 93-1434 (La.App. 3 Cir. 6/1/94); 638 So.2d 688. A fact is "at issue" if there exists any reasonable doubt as to its existence. *Durrosseau v. Century 21 Flavin Realty, Inc.*, 594 So.2d 1036 (La.App. 3 Cir. 1992).

> . . . .

> In the past, any doubt regarding the existence of material facts was to be resolved against granting the summary judgment, even if grave doubts existed as to a party's ability to establish disputed facts at trial. *Penton* [*v. Clarkson,* 93-657 (La.App. 1 Cir. 3/11/94)], 633 So.2d

---

[1]Although we affirm the trial court's grant of summary judgment, we are mindful that "the likelihood of success at trial is irrelevant to the question of the propriety of a summary judgment." *Montgomery v. Boh Bros. Const. Co., Inc.*, 572 So.2d 368, 370 (La.App. 4 Cir. 1990). Nevertheless, for reasons more fully expressed below, our affirmation in the present case is not based on the likelihood of success at trial. Rather, our affirmation is premised upon the shifting burden of proof in a summary judgment setting as enunciated in La.Code Civ.P. arts. 966(C)(2) and 967(B).

918 (citations omitted). The amendment does not change the law regarding burdens of proof, as the mover is still required to prove the absence of a genuine issue and his entitlement to judgment. *Short v. [Giffin]*, 96-0361 (La.App. 4 Cir. 8/21/96); 682 So.2d 249; *Walker v. Kroop*, 96-0618 (La.App. 4 Cir. 7/24/96); 678 So.2d 580. However, it now appears, based on the new language of section (C), that in order to rebut a showing made by the mover of the non-existence of a genuine issue of material fact, the nonmoving party will be held to a higher standard of proof, i.e. a non-moving party must sufficiently establish the existence of proof of an essential element of his claim on which he is to bear the burden of proving at trial.

*See also Townley v. City of Iowa*, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323.

In their motion for summary judgment, Defendants acknowledged that Affiliated Blind, in its role as a school for the hearing and sight impaired, and Mr. Thibodeaux, as an instructor, were charged with a duty of exercising reasonable supervision over Ms. Bell, their student. Nevertheless, they maintain the duty to exercise reasonable supervision was not breached in this case. In support of their motion for summary judgment, Defendants presented the affidavit of Mr. Thibodeaux wherein he stated that: (a) for the past eleven years he has served as a mobility instructor of the seeing impaired and hearing impaired; (b) he performed a two-week assessment of Ms. Bell to determine her strengths and weaknesses; (c) he instructed Ms. Bell between January 2007 and March 2007 approximately four days a week for about two hours each session; (d) during those sessions he instructed Ms. Bell on the proper way to ascend and descend steps and stairwells using her cane and determined she was able to independently navigate the stairwell; and, (e) by March 2007, Ms. Bell had received at least four or five lessons involving traversing steps and stairwells.

Plaintiff maintains that Ms. Bell was only provided with one training session prior to the date of the accident and Ms. Bell told Mr. Thibodeaux on the date of that

accident that she was afraid to traverse the stairwell on her own. Nevertheless, Mr. Thibodeaux left Ms. Bell unattended, and she fell while attempting to climb the stairs. Thus, Plaintiff maintains these genuine issues of material fact should have precluded summary judgment in this case.

Defendants assert these "attempts to create issues of fact" are "nothing more than fabrications which cannot be supported by any witness." They point out that because Ms. Bell died before giving a deposition in this matter and because her accident was unwitnessed, Plaintiff will not be able to provide any testimony or evidence to prove the allegation that Affiliated Blind and/or Mr. Thibodeaux failed to adequately exercise reasonable supervision over Ms. Bell.

When a motion for summary judgment is made and supported, as required by La.Code Civ.P. art. 966, "an adverse party may not rest on the mere allegations or denials of his pleading." La.Code Civ.P. art. 967(B); *Douglass v. Easton*, 06-1404 (La.App. 3 Cir. 3/7/07), 953 So.2d 157, *writ denied*, 07-650 (La. 5/11/07), 955 So.2d 1282. Rather, "his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial." La.Code Civ.P. art. 967(B). Otherwise, "summary judgment, if appropriate, shall be rendered against him." *Id*.

We acknowledge the difficult position substituted Plaintiff has in the present case because his mother, Ms. Bell, died. Notwithstanding, once Defendants made a properly supported motion for summary judgment, Plaintiff was required "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." La.Code Civ.P. art. 966(C)(2). Plaintiff presented no competent evidence to oppose Defendants' motion for summary judgment. To the

4

contrary, in contravention of La.Code Civ.P. art. 967(B), Plaintiff relied solely upon the fourth paragraph of the petition as evidence of the existence of a genuine issue of material fact. Accordingly, the trial court properly granted summary judgment in favor of Defendants.

## DECREE

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Defendants, Affiliated Blind of Louisiana, Inc. and Patrick Thibodeaux. All costs of this proceeding are assessed against Dr. Gerald O. Bell, on behalf of Patricia Bell's minor son, Hunter Bell.

**AFFIRMED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-174

GERALD O. BELL

VERSUS

PATRICK THIBODEAUX, ET AL.

**COOKS, J., dissenting.**

I respectfully dissent from the majority's decision to affirm the trial court's grant of summary judgment. It is well settled that in reviewing summary judgments, we must construe any factual inferences drawn from the evidence in favor of the plaintiff. Further, in determining whether an issue is genuine, this Court cannot make determinations on the merits of the claim, make credibility determinations, or *evaluate the weight of the evidence. See Independent Fire Insurance Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

In its argument in favor of summary judgment, Defendants acknowledged Affiliated Blind (in its role as a school for the hearing and sight impaired) and Mr. Thibodeaux (as the instructor) were charged with a duty of exercising reasonable supervision over Ms. Bell, the student. Defendants alleged Ms. Bell was "taught the proper way to ascend and descend steps and stairwells using her cane." They also contend Ms. Bell completed at least five training sessions with Mr. Thibodeaux prior to the date of the accident. It was based upon her prior performances in these training sessions, that led Mr. Thibodeaux to conclude she was able to independently navigate the stairwell. Thus, they maintain the duty to exercise reasonable supervision was not breached in this case.

However, Plaintiff maintains Ms. Bell was only provided with one training

session prior to the date of the accident, and specifically told Mr. Thibodeaux on that date she was afraid to traverse the stairwell on her own. Thus, Plaintiff maintains these genuine issues of material fact should have precluded summary judgment in this case. Defendants assert these "attempts to create issues of fact" are "nothing more than fabrications which cannot be supported by any witness." Clearly, Defendants are relying on the fact that Ms. Bell cannot testify at trial since she is now deceased. The trial court apparently concluded this unfortunate fact was a death knell for Plaintiff at trial on the merits, specifically stating "since the original plaintiff is deceased, I don't see how he could prevail anyway."

While the trial court's prediction may eventually come to pass, it is not grounds for summary judgment. "[T]he likelihood of success at trial is irrelevant to the question of the propriety of a summary judgment." *Montgomery v. Boh Bros. Const. Co., Inc.*, 572 So.2d 368, 370 (La.App. 4 Cir.1990). *See also Dibartolo v. Stage One-The Hair Schools*, 09-511 (La.App. 3 Cir. 11/4/09), 23 So.3d 1038, *writ denied*, 09-2630 (La. 2/12/10), 27 So.3d 849. Therefore, I find the trial court's granting of summary judgment on these grounds was improper, and would reverse and remand this case for further proceedings.