NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-651

CHRISTINE M. COMEAUX

VERSUS

DEBBIE LEMMONS D/B/A DEBBIE'S GIDDY UP AND GO, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2009-10471-K
HONORABLE PATRICK MICHOT, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

AFFIRMED.

J. Clay LeJeune
P.O. Box 1919
Crowley, LA 70527
(337) 788-1505
COUNSEL FOR PLAINTIFF/APPELLANT:
        Christine M. Comeaux

Andre C. Gaudin
Meredith M. Miceli
Burglass & Tankersley
5213 Airline Drive
Metairie, LA 70001
(504) 836-2220
COUNSEL FOR DEFENDANT/APPELLEE:
        Debbie Lemmons d/b/a Debbie's Giddy Up and Go

**Thomas G. Buck**
**John C. Henry**
**David B. Parnell, Jr.**
**Brett W. Tweedel**
**3421 No. Causeway Blvd., Suite 900**
**Metairie, LA 70002**
**(504) 831-4091**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **First Financial Insurance Company**

**COOKS, Judge.**

Plaintiff, Christine Comeaux, appeals the trial court's grant of summary judgment, dismissing her claims against Defendant, Debbie Lemmons d/b/a Giddy-Up-N-Go. Finding summary judgment was appropriately granted in this case, we affirm.

## FACTS AND PROCEDURAL HISTORY

Christine Comeaux brought a personal injury claim arising out of an alleged fall she suffered at the Giddy-Up-N-Go Lounge in Rayne, Louisiana. On the date in question, Ms. Comeaux, who was a waitress at the lounge, had finished her waitressing shift, and was in the bar as a patron. In her petition, Ms. Comeaux alleges she was "suddenly and without warning struck by Wilbert Thevis, Jr., as he fell to the floor, causing petitioner to break her leg."

Ms. Comeaux named Mr. Thevis as a defendant, claiming he was negligent "in becoming intoxicated to an extent where he could not stand, walk, or dance in a safe and reasonable manner." Also named as a defendant was the lounge's owner, Debbie Lemmons d/b/a Giddy-Up-N-Go (hereafter Giddy-Up). Ms. Comeaux contended the accident resulted from the fault of Giddy-Up in the following particulars:

1.  In failing to monitor the consumption of alcohol of its patrons;

2.  In allowing intoxicated patrons to dance under inappropriate conditions and surroundings;

3.  In encouraging patrons to behave in a reckless manner;

4.  In allowing the number of patrons in the facility to exceed the full capacity of the establishment; and

5.  In failing to do what should have been done and see what should have been seen in order to insure the safety of that patron.

Defendant, Giddy-Up, filed a motion for summary judgment alleging Ms. Comeaux

-1-

had no evidence of wrongdoing on its part, and, in fact, had explicitly denied any alleged wrongdoing on Giddy-Up's part in her deposition. After a hearing on the motion, the trial court granted summary judgment in Giddy-Up's favor. Ms. Comeaux appeals that ruling.

## ANALYSIS

The standard of review for motions for summary judgment is well established. This court, while addressing the applicable standard in *Spell v. Mallett, Inc.*, 06-1477, pp. 4-5 (La.App. 3 Cir. 5/2/07), 957 So.2d 262, 265, stated the following:

> It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. *Palma, Inc., v. Crane Servs. Inc.*, 03-614 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774 *quoting Shelton v. Standard 700/Associates*, 01-587, p. 5 (La.10/16/01), 798 So.2d 60, 64-65; La.Code Civ.P. art. 966.

Louisiana Code of Civil Procedure Article 966 was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art 966(A)(2).

In 1997, the legislature enacted La.Code Civ.P. art. 966(C)(2), which further clarified the burden of proof in summary judgment proceedings. It reads as follows:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense but rather point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The amended article places the initial burden of proof on the mover of the

motion for summary judgment. If the mover meets this initial burden, the burden of proof then shifts to the nonmoving party that has the burden of proof on this particular issue at trial. This nonmoving party then must put forth evidence that shows he or she will be able to meet that burden at trial. If the nonmoving party cannot, then the motion for summary judgment should be granted. Maraist & Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 6.8 (1999).

Ms. Comeaux alleges the trial court erred in granting Giddy-Up's motion for summary judgment and "in finding that there were no issues of material fact sufficient to allow this matter to proceed to trial, when the deposition of the plaintiff provides factual support for the allegations in the petition, specifically that Giddy-Up failed to monitor the alcohol consumption of its patrons, allowed the intoxicated patrons to dance in inappropriate/overcrowded conditions, and failed to limit the number of people in the bar."

Initially, we note the area of civil law dealing with liability for damages caused by intoxicated persons as a result of the consumption of alcoholic beverages is commonly referred to as "dram shop" liability. Louisiana enacted La.R.S. 9:2800.1 in 1986, which provides as follows:

> 2800.1. Limitation of liability for loss connected with sale, serving, or furnishing of alcoholic beverages.
>
> A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
>
> . . . .
>
> C. (1) Notwithstanding any other law to the contrary, no social host who serves or furnishes any intoxicating beverage of either high or low alcoholic content to a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the

premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were served or furnished.

. . . .

D. The insurer of the intoxicated person shall be primarily liable with respect to injuries suffered by third persons.

The statute clearly provides that liability is placed on the person consuming the alcoholic beverages, rather than on the seller. To that end, this court in *Bertrand v. Kratzer's Country Mart*, 563 So.2d 1302 (La.App. 3 Cir.), *writ denied*, 569 So.2d 959 (La.1990), held that a defendant's service of alcohol to an intoxicated person does not make a defendant liable for damages resulting from an accident caused by the person's intoxication. The result in *Bertrand* was based upon our supreme court's precedent set in *Thrasher v. Leggett*, 373 So.2d 494 (La.1979), and *Sanders v. Hercules Sheet Metal, Inc.*, 385 So.2d 772 (La.1980). The enactment of La.R.S. 9:2800.1 is, in effect, a codification of these cases and it encompasses the observance that the state has a clear goal "in narrowing the scope of liability of tavern keepers and social hosts and in allocating consequences of irresponsible drinking to the person doing the drinking." *Schulker v. Roberson*, 91-1228 (La.App. 3 Cir. 6/5/96), 676 So.2d 684, 688.

Moreover, Ms. Comeaux's own deposition testimony did not support her claims against the Giddy-Up lounge. In fact, much of her deposition testimony refuted her allegations against the Giddy-Up lounge. She testified as follows:

Q:    At any time prior to the actual fall, would you have characterized [Mr. Thevis] as being inebriated?

A:    Like intoxicated you're talking about?

Q:    Yes, ma'am.

A:    No. He is just spastic.

-4-

. . .

Q:  And you don't really know what happened. All you know is [Mr. Thevis] fell on you, correct?

A:  All I know is I was walking and, as I walked, he fell into me.

Q:  And you have no idea why he fell.

A:  Because he was dancing. I don't know. Maybe he lost his balance.

. . .

Q:  Do you have any facts that you can provide to me that would support the allegation, the claim that Debbie's Giddy-Up-N-Go is responsible for your accident because they failed to monitor the consumption of alcohol of their patrons?

A:  No.

. . .

Q:  There was also a claim that says that Debbie's is responsible for your accident because they allowed intoxicated patrons to dance under inappropriate conditions and surroundings. Can you please tell me the factual basis for making a claim like that?

A:  Because there are people that are intoxicated in there beyond – people get DWI's when they leave from there, including the bartender.

Q:  Does that have anything to do with you having your accident?

A:  No.

Ms. Comeaux, in her deposition, refuted the conclusory allegations that were set forth in her petition. She denied that Mr. Thevis was intoxicated at the time, asserting he is "just spastic." Her testimony also does not support the allegation of Giddy-Up's purported failure to monitor its patrons' alcohol consumption and/or encourage recklessness on the part of its patrons, clearly stating it had nothing to do with her accident. Finally, as to the argument that her fall was caused by Giddy-Up's failure to properly regulate its crowd capacity, she acknowledged she "[had] no idea" if the

number of people in the bar had anything to do with Mr. Thevis falling that night.

The law is clear that when a motion for summary judgment is made and supported, "an adverse party may not rest on the mere allegations or denials of his pleadings." La.Code Civ.P. art. 967(B); *Douglass v. Easton*, 06-1404 (La.App. 3 Cir. 3/7/07), 953 So.2d 157, *writ denied*, 07-650 (La. 5/11/07), 955 So.2d 1282. Rather, his response must set forth specific facts showing a genuine issue for trial. Defendant carried its burden of proof on their motion for summary judgment; thus, the burden shifted to the plaintiff to set forth specific facts to properly oppose defendant's motion. Because plaintiff relied solely upon the allegations of her petition, and even refuted those allegations in her deposition testimony, we find summary judgment was properly granted.

## DECREE

For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed against plaintiff-appellant.

**AFFIRMED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**