COOKS, J.,
dissenting.
U respectfully dissent from the majority’s decision to affirm the trial court’s *192 grant of summary judgment. It is well settled that in reviewing summary judgments, we must construe any factual inferences drawn from the evidence in favor of the plaintiff. Further, in determining whether an issue is genuine, this Court cannot make determinations on the merits of the claim, make credibility determinations, or evaluate the weight of the evidence. See Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.
In its argument in favor of summary judgment, Defendants acknowledged Affiliated Blind (in its. role as a school for the hearing and sight impaired) and Mr. Thi-bodeaux (as the instructor) were charged with a duty of exercising reasonable supervision over Ms. Bell, the student. Defendants alleged Ms. Bell was “taught the proper way to ascend and descend steps and stairwells using her cane.” They also contend Ms. Bell completed at least five training sessions with Mr. Thibodeaux pri- or to the date of the accident. It was based upon her prior performances in these training sessions, that led Mr. Thibo-deaux to conclude she was able to independently navigate the stairwell. Thus, they maintain the duty to exercise reasonable supervision was not breached in this case.
However, Plaintiff maintains Ms. Bell was only provided with one training |2session prior to the date of the accident, and specifically told Mr. Thibodeaux on that date she was afraid to traverse the stairwell on her own. Thus, Plaintiff maintains these genuine issues of material fact should have precluded summary judgment in this case. Defendants assert these “attempts to create issues of fact” are “nothing more than fabrications which cannot be supported by any witness.” Clearly, Defendants are relying on the fact that Ms. Bell cannot testify at tidal since she is now deceased. The trial court apparently concluded this unfortunate fact was a death knell for Plaintiff at trial on the merits, specifically stating “since the original plaintiff is deceased, I don’t see how he could prevail anyway.”
While the trial court’s prediction may eventually come to pass, it is not grounds for summary judgment. “[T]he likelihood of success at trial is irrelevant to the question of the propriety of a summary judgment.” Montgomery v. Boh Bros. Const. Co., Inc., 572 So.2d 368, 370 (La.App. 4 Cir.1990). See also Dibartolo v. Stage One-The Hair Schools, 09-511 (La.App. 3 Cir. 11/4/09), 23 So.3d 1038, writ denied, 09-2630 (La.2/12/10), 27 So.3d 849. Therefore, I find the trial court’s granting of summary judgment on these grounds was improper, and would reverse and remand this case for further proceedings.