774 So.2d 287 (2000)
Melissa L. BEARD, et al.
v.
GREY WOLF DRILLING COMPANY, et al.
No. 00-00345.
Court of Appeal of Louisiana, Third Circuit.
November 2, 2000.
Rehearing Denied January 3, 2001.
Skipper Maurice Drost, Attorney at Law, Lake Charles, LA, Counsel for Melissa L. Beard, Baron N. Beard, Daniel J.L. Beard, Jr.
*288 James D'Arensbourg Hollier, Laborde & Neuner, Lafayette LA, Counsel for Grey Wolf Drilling Company, Drillers, Inc., Joseph Arceneaux, Lawrence Matthews.
(Court composed of Judge BILLIE COLOMBARO WOODARD, Judge OSWALD A. DECUIR, and Judge JIMMIE C. PETERS.)
DECUIR, Judge.
Melissa Beard, individually and on behalf of her two minor children, filed suit against her deceased husband's employer, Grey Wolf Drilling Company (Grey Wolf), and his two supervisors alleging that his employer's intentional act caused his death. Grey Wolf and the other Defendants filed a motion for summary judgment, asserting an employer's statutory immunity defense, which the trial court granted. We affirm.

FACTS
On February 3, 1997, Daniel Beard was employed as a floor hand by Grey Wolf on its drilling rig # 8. On that date, Mr. Beard, apparently, fell thirty to forty feet to his death from an unknown location on the rig. He was a married twenty-two-year-old with a one-year-old-child and expecting another child.
The rig's drilling floor was located some forty feet above the ground. The rig's air tank was located on the level below the rig's drilling floor. Workmen could not directly access the air tank from the drill floor without descending the stairs to the ground and then climbing up a ladder to the air tank level. Some time prior to the accident, the rig's workmen discovered and regularly used a shortcut to reach the air tank level from the drilling floor. It involved climbing between the handrails located near the top of the stairs and then reaching for the ladder on the substructure. While doing this, the workmen would often balance one foot on a large structural beam near the stairway and the area of the air tank. The shortcut had no protection from the height or a safe means of traverse. After the accident, the United States Occupational Safety and Health Administration fined Grey Wolf $9,000.00 and required immediate remediation of the danger from the workers'"shortcut."
On the day in question, Mr. Beard worked on the drill floor. On two occasions, his supervisor sent him to the rig's lower level to operate a valve on its air tank. He accomplished these tasks without incident and each time returned to the drilling floor. The crew's driller, Mr. Lawrence Matthews, again instructed Mr. Beard to operate the valve on the air tank. Mr. Beard departed the drilling floor and never returned. Mr. Matthews sent another worker to find him. Shortly thereafter, the crew member spotted him lying in the area below the drilling floor, dead.
Ms. Melissa Beard, individually and on behalf of her two minor children, filed a wrongful death and survival action against Grey Wolf, its predecessor, Drillers, Inc., and two of the decedent's supervisors, Mr. Joseph Arceneaux and Mr. Matthews. In an attempt to overcome an employer's statutory immunity, pursuant to La.R.S. 23:1032(A), she alleged that her husband's injuries were substantially certain to occur because Grey Wolf was aware of the rig's dangerous condition and that he must have fallen using the dangerous "shortcut." Grey Wolf and the other Defendants moved for summary judgment. Without stating any reasons, the trial court granted it for all. Ms. Beard appeals. We affirm.

LAW
At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. Schroeder v. Board of Sup'rs of La. State Univ., 591 So.2d 342 (La. 1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979. Summary judgment is proper *289 when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. However, when the movant will not bear the burden of proof at trial on the matter that is before the court, the movant's burden on the motion does not require him to negate all of the essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. La.Code Civ.P. art. 966(C)(2). If the adverse party fails to produce factual support to convince the court that he can carry his burden of proof at trial, there is no genuine issue of material fact and granting of the motion is mandated. Hardy v. Bowie, 98-2821 (La.9/8/99); 744 So.2d 606 and Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41.
The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882. Thereafter, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. Id. Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. Id.
"Facts are material if they determine the outcome of the legal dispute." Soileau, 702 So.2d at 821. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. Id. In this case, the relevant substantive law is found in La.R.S. 23:1032. If an employee is injured or killed in the course and scope of his employment, the exclusive remedy is workers' compensation. La.R.S. 23:1032(A). However, when the injury occurs from an intentional act, the employee and his family may seek other remedies. La.R.S. 23:1032(B). This statute, giving a worker and his family a remedy for an intentional injury, states:
Nothing in this Chapter [Chapter 10 Workers' Compensation] shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The factual issue central to the case before us is whether Grey Wolf's conduct was intentional. Beard contends that the accident was substantially certain to follow because Grey Wolf was aware of the "shortcut" and the failure to remedy the situation was an intentional act. We find that to be too broad an interpretation of the intentional act exception to the workers' compensation exclusivity provisions. In Ponthier v. Brown's Mfg., Inc., 95-1606, pp. 5-6 (La.App. 3 Cir. 4/3/96); 671 So.2d 1253, 1256-57, we said:
Our brethren on the First Circuit, Court of Appeal visited this issue recently in Landry v. Uniroyal Chemical Co., Inc., 94-1274 (La.App. 1 Cir. 3/3/95); 653 So.2d 1199, writ denied, 95-1381 (La.9/15/95); 660 So.2d 461. That court rendered as follows:
Louisiana courts have narrowly interpreted the intentional act exception to the worker's compensation exclusivity provisions. (Citations omitted.) In White v. Monsanto Co., 585 So.2d 1205, 1208 (La.1991), the supreme court explained the meaning of "intentional act" under Revised Statute 23:1032(B):

*290 [T]he person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening [95-1606 La.App. 3 Cir. 6] from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself. Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional, Bazley v. Tortorich, 397 So.2d 475 (La.1981).
The term "substantially certain" has been interpreted to mean "nearly inevitable," "virtually sure," and "incapable of failing." (Citation omitted.) It requires more than a reasonable probability, even more than a high probability, that an accident or injury will occur. (Citation omitted.) Mere knowledge and appreciation of risk does not constitute intent, nor does reckless or wanton conduct or gross negligence. (Citation omitted.)
Our courts have held that allegations of failure to provide a safe place to work, deficiently designed machinery and disregard of OSHA safety provisions, failure to correct unsafe working conditions, and failure to provide specifically requested safety equipment are not sufficient to invoke the intentional act exception of Revised Statute 23:1032(B) absent proof (or in the case of summary judgment, disputed issues of fact) of either defendant's desire to harm plaintiff or defendant's knowledge that his conduct would nearly inevitably cause injury to plaintiff. (Footnotes omitted.)

Id. at 1202.
In the present case, there is no evidence that Daniel Beard was ever instructed to use the "shortcut." There is no evidence of any prior accidents to Grey Wolf employees while using the "shortcut." Moreover, there is no evidence that Daniel Beard was in fact using the "shortcut" when he fell. Finally, neither the allegations that Grey Wolf was aware of the danger and failed to remedy it, nor the recitation of subsequent OSHA violations, are sufficient to establish an intentional act under the law. Under these circumstances and in view of the foregoing discussion, we find that the grant of Defendants' motion for summary judgment was appropriate.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellants.
AFFIRMED.
WOODARD, J., dissents and assigns written reasons.
WOODARD, Judge, dissenting.
I respectfully dissent from the majority's opinion.
The majority states that "[t]he factual issue central to the case before us, is whether Grey Wolf's conduct was intentional." Before addressing the question of whether there are disputed issues of material facts present in an appeal of a summary judgment, the issues in the dispute must be those for which summary judgment is appropriate. The Louisiana Supreme Court has held that it is rarely appropriate to use summary judgment for a determination of subjective facts such as intent, notice, malice, knowledge, or good faith.[1] We have followed this law in this circuit in the past.[2]
*291 As the question of Grey Wolf's intent was the central issue in the trial court and in this appeal, consistent with the law given to us by the supreme court, this issue is not one that is appropriately decided by summary judgment. Determinations of intent are only appropriately made by the trier of fact, who has the opportunity to hear all the evidence and to observe the witnesses on direct and cross-examination. Until this case, this had been the consistent rule in this circuit for this type of case.[3] In affirming the trial court's summary judgment decision, the majority, I believe, clearly erred.
NOTES
[1] Penalber v. Blount, 550 So.2d 577 (La.1989).
[2] Nelson v. Torian, 96-176 (La.App. 3 Cir. 6/26/96); 676 So.2d 773, writ denied, 96-1938 (La.11/15/96); 682 So.2d 761; Greer v. Dresser Indus., Inc. 98-129 (La.App. 3 Cir. 7/1/98); 715 So.2d 1235, writ denied, 98-2094 (La.11/6/98); 728 So.2d 867.
[3] Quick v. Myers Welding & Fabricating, Inc., 94-282 (La.App. 3 Cir. 12/7/94); 649 So.2d 999, writ denied, 95-729 (La.4/28/95); 653 So.2d 598; Durrett v. Scott Truck & Tractor, 614 So.2d 1379 (La.App. 3 Cir.), writ denied, 617 So.2d 915 (La.1993).