# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 08-1250


**TRIVENTIES JOHNSON, ET AL.**

**VERSUS**

**STATE FARM INS., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-79239, DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.


**AFFIRMED.**

**Ronald E. Corkern, Jr.**
**Corkern & Crews**
**P. O. Box 1036**
**Natchitoches, LA 71458-1036**
**(318) 352-2302**
**Counsel for Defendants/ Appellees:**
**State Farm Mutual Auto Ins. Co.**
**Bobby Reliford**

**D. Scott Kendrick**
**Attorney at Law**
**1762 Texas St.**
**Natchitoches, LA 71457**
**(318) 354-9146**
**Counsel for Plaintiffs/Appellants:**
**Triventies Johnson**
**Roy Farley, Jr.**

**SAUNDERS, Judge.**

This case involves a single-car accident with the two guest passengers suing the driver of the vehicle and the vehicle's insurer. The two plaintiffs riding in the vehicle testified that, as the vehicle was in a curve in the roadway, a motorcycle appeared in their lane of travel causing the driver to swerve and leave the roadway, where the vehicle struck trees. Further, the two plaintiffs testified that the driver of the vehicle was acting in a prudent manner at all times.

The vehicle's insurer and its driver filed a motion for summary judgment based on the sudden emergency doctrine. The trial court granted its motion, dismissed the plaintiffs' case with prejudice, and assessed the costs of the proceeding to the plaintiffs. The plaintiffs appealed. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

Triventies Johnson (Johnson) and Roy Farley, Jr. (Farley) filed a petition for damages against State Farm Insurance Company (State Farm) and Bobby Reliford (Reliford), alleging injuries sustained as a result of a motor vehicle accident. Johnson and Farley (the plaintiffs) were guest passengers in a 2001 Ford F150 pickup truck driven by Reliford.

The single-car accident occurred on Highway 480 near Campti, Louisiana, at approximately 12:45 A.M. on March 12, 2006. As the pickup truck entered a curve to the left, Reliford was confronted with a motorcycle traveling in his lane of travel at a high rate of speed. Reliford responded by leaving the roadway in order to avoid the motorcycle and, thereafter, struck trees on the side of the roadway.

State Farm and Reliford filed a motion for summary judgment on the ground that, under the Louisiana jurisprudentially-recognized doctrine of sudden emergency, Reliford could not be found guilty of negligence based on the allegation that he failed

to adopt what the plaintiffs, upon reflection, considered to be a better method to avoid the collision. The trial court granted the motion and dismissed the plaintiffs' claims with prejudice. The plaintiffs have filed this appeal, alleging one assignment of error.

**DISCUSSION OF THE MERITS:**

The plaintiffs claim that the trial court erred when it granted the defendants' motion for summary judgment, dismissed their demands with prejudice, and cast them with costs of the proceeding. The plaintiffs' claim has no merit.

> Appellate courts review summary judgments de novo, applying the same criteria that govern a trial court's determination of a motion for summary judgment. Louisiana's Code of Civil Procedure [Article 966 (B)] states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." We are required to construe factual inferences that are reasonably drawn from the evidence presented in favor of the party opposing the motion; all doubt is to be resolved in the non-moving party's favor.
>
> We also are to remain cognizant of the mover's and non-mover's burdens of proof. Although the burden of proof on a motion for summary judgment remains with the moving party, the mover's burden changes depending upon whether he or she will bear the burden of proof at trial on the matter that is the subject of the motion for summary judgment:
>
>> [I]f he or she will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*MaClaff, Inc. v. Arch Ins. Co.*, 07-1182, pp. 7-8 (La.App. 3 Cir. 02/27/08), 978 So.2d 482, 487-88 (citations omitted).

2

In the case before us, State Farm and Reliford filed the motion for summary judgment, but the plaintiffs have the burden to prove that Reliford was negligent in the operation of the motor vehicle that he was driving when he swerved off the roadway, crashed, and caused injuries to his guest passengers. Thus, in order to prevail on its motion for summary judgment, State Farm and Reliford merely have to show "an absence of factual support for one or more elements essential to [the plaintiffs'] claim." La.Code Civ.P. art. 966(C)(2).

We find that State Farm and Reliford have done so via pointing out the applicability of the sudden emergency doctrine to this case. Our Louisiana Supreme Court, in *Hickman v. Southern Pacific Transport Co.*, 262 La. 102, 112-13, 262 So.2d 385, 389 (1972), stated the following:

> One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.

The evidence in this case is overwhelming that the sudden emergency doctrine is applicable to insulate Reliford from liability. At the accident scene, Reliford told the investigating officer that he was traveling westbound on Louisiana Highway 480 when he came around a curve, and there was a motorcycle in his lane of travel causing him to swerve to avoid hitting the motorcycle. Both of the plaintiffs were treated the same day of the accident at Natchitoches Regional Medical Center for soft tissue injuries. The medical records indicate a history was taken from Johnson during which he stated that he had been involved in a motor vehicle accident in which the vehicle he was in "ran off road trying to avoid oncoming motorcycle, striking trees."

The history taken from Farley on the day of the accident simply makes

3

reference to a single-car accident. However, Farley returned to the emergency room two days later, and the history obtained from him indicates that he was involved in a motor vehicle accident two days before in which the vehicle he was in "ran off road avoiding motorcycle striking trees."

In Johnson's deposition, the following exchanges took place:

Q    The - - Bobby, as I understand it, was swerving to avoid a motorcycle?

A    Yes, sir.

Q    And this accident happened in a curve?

A    Yes, sir.

Q    And when you first saw the motorcycle, where was it in relation to the roadway?

A    It was like towards - - more towards our side, you know, coming around the curve. He had like laid over. They used to race out there, so, he was coming pretty fast.

Q    And did it appear to you as though Bobby was faced with an emergency situation at that time?

A    Yes, sir.

Q    If he had continued straight and stayed in his lane of travel, what would have happened?

A    He would have ran over the guy.

Q    So, he only had - - his choice was to run over the motorcycle or take to the ditch on the right; is that correct?

A    Yes, sir.

. . . .

Q    Did Bobby appear to be driving his vehicle at a reasonable rate of speed under the circumstances?

A    Yes, sir.

. . . .

4

Q He didn't appear to be going fast to you - - too fast for the circumstances or conditions?

A No, sir.

The following exchanges took place during Farley's deposition:

Q And did I understand you to say that as Mr. Reliford entered the curve he suddenly saw a motorcycle coming towards him in his lane of travel?

A Yes, sir.

Q And if he hadn't taken evasive action, he would have hit the motorcycle?

A Yes, sir.

Q Do you know of anything Mr. Reliford could have done to avoid the accident?

A No, sir.

Q Was Mr. Reliford driving at a reasonable rate of speed as far as you could tell?

A Yes, sir.

Q Did he appear to be driving recklessly?

A No, sir.

Q It appears, though, he was faced with an emergency situation when he saw that motorcycle?

A Yes, sir.

Q And his choice was to either run over the motorcycle or drive off the road?

A Yes, sir.

Given the evidence cited above, it is clear that Reliford faced a sudden emergency when he rounded the curve to find a motorcycle in his lane of travel. However, this court, in *McCann v. State Farm Mutual Automobile Insurance Co.*, 483 So.2d 205, 211 (La.App. 3 Cir.), *writ denied*, 486 So.2d 736 (La.1986), stated the

5

following:

> Plaintiffs can still defeat defendants' use of the [sudden emergency] doctrine by showing that the defendant created the emergency through his own negligence, or that once confronted with the emergency he did not react as a reasonably prudent person would react. The plaintiffs in this case, not the defendants, bear these burdens of proof.

There is no evidence in the record that Reliford caused the emergency he faced. In fact, given the testimony of the plaintiffs, it is apparent that Reliford did not do anything to create the emergency. The plaintiffs attempt to defeat the defendants' motion by pointing out that Reliford may have some comparative negligence in causing the accident. The plaintiffs claim that the following statement from the investigating officer's report: "I was unable to locate any evidence on the roadway which indicated any evasive actions," coupled with their deposition testimony that Reliford swerved to miss the motorcycle, creates an issue of fact. While it may be true that an issue of fact exists as to whether Reliford swerved to miss the motorcycle, or simply drove straight off the roadway, the plaintiffs must show that this issue of fact is material.

> A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits.

*Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751 (quoting *S. La. Bank v. Williams*, 591 So.2d 375, 377 (La. App. 3 Cir. 1991), *writs denied*, 596 So.2d 211 (La. 1992) (citations omitted).

We find it immaterial whether Reliford swerved or drove straight off the roadway to avoid the collision with the motorcycle, as either reaction is reasonably prudent. This court cannot fathom how swerving off the roadway to miss the

6

motorcycle or driving straight off the roadway to miss the motorcycle would have changed the result of the incident. As such, a determination of this fact will not change the result of the plaintiffs' claim. Thus, we find this factual issue raised by the plaintiffs is not material.

Accordingly, we find that the sudden emergency doctrine applies to the case before us. Further, we find that the plaintiffs failed to raise any material facts regarding whether Reliford either created the emergency or acted imprudently once he was faced with the emergency. As a result, Reliford cannot be deemed negligent.

**CONCLUSION:**

The plaintiffs raised one assignment of error claiming that the trial court erred when it granted the defendants' motion for summary judgment, dismissed their demands with prejudice, and assessed them with costs of the proceeding. We found that the sudden emergency doctrine served to insulate Reliford, and, thus, State Farm, from any finding of negligence. As such, we affirm the trial court's judgment. Costs of this proceeding are assessed to the plaintiffs.

**AFFIRMED.**

7