**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**10-1118**

**HIMEL MOTOR SUPPLY
OF LAFAYETTE, INC.**

**VERSUS**

**GENUINE PARTS COMPANY
D/B/A NAPA AUTO PARTS, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. C-2009-3982
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**J. DAVID PAINTER
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

**David Lamm, Attorney at Law
211 East Main Street
New Iberia, LA 70562
Counsel for Plaintiff/Appellant:
Himel Motor Supply of Lafayette, Inc.**

**Matthew J. Ungarino, Attorney at Law
Kelly O. Thibodeaux, Attorney at Law
3850 North Causeway Boulevard, Suite 1280
Metairie, LA 70002
Counsel for Defendants/Appellees:
Genuine Parts Company and Emerson Pitts**

**PAINTER, Judge.**

Plaintiff, Himel Motor Supply of Lafayette, Inc. (Himel), appeals the dismissal of its suit for detrimental reliance by summary judgment in favor of Defendants, Genuine Parts Company d/b/a NAPA Auto Parts and Emerson Pitts (hereinafter collectively referred to as Defendants). For the following reasons, we affirm the trial court's grant of summary judgment in favor of Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

Himel is in the business of selling motor parts to consumers in Lafayette, Louisiana, under the NAPA Auto Parts name. Himel has been so engaged for the last sixty years. In late 2006, Himel became interested in opening a store in Broussard, Louisiana, allegedly after being "targeted" to do so by Defendants. Himel, however, fails to acknowledge a letter dated December 11, 2006, from Pitts informing it that "other ownerships have approached me [Pitts] regarding this market." Throughout 2007 and early 2008, Himel and Defendants had conversations and exchanged correspondence relative to the new store. One location suggested by Defendants was rejected by Himel. Then, on May 1, 2008, Himel allegedly entered into a buy/sell agreement to purchase a building in Broussard and informed Defendants of same. Himel also allegedly hired several persons to work in the Broussard location, although from the evidence of record, it appears that negotiations with these people were still ongoing as of July 2, 2008. On July 9, 2008, Defendants informed Himel that someone else was opening a NAPA store in Broussard and that the opportunity was no longer open to Himel.

On July 6, 2009, Himel filed suit against Genuine Parts Company d/b/a NAPA Auto Parts and Emerson Pitts, the President and General Manager of NAPA's New Orleans distribution center. Defendants filed numerous exceptions. Himel then voluntarily dismissed any and all claims arising out of alleged tortious or negligent interference with a contract or business relations. Defendants' peremptory exception and exceptions of no cause of action and no right of action under the Louisiana Unfair Trade Practices and Consumer Protection Act were granted by the trial court, and

Himel's claims related thereto were dismissed. Defendants' exception of no cause of action as to Himel's claim of detrimental reliance was denied pending additional discovery by the parties. Defendants then filed a motion for partial summary judgment seeking the dismissal of Himel's claims arising out of the alleged detrimental reliance and any claims of personal liability on the part of Pitts. Following a hearing, the trial court found that Himel failed to carry its burden of establishing that Pitts promised Himel that it would be granted the Broussard location and that it reasonably relied on any such assertion. Thus, the trial court granted the motion for summary judgment and dismissed Himel's claims with prejudice. This appeal followed.

## DISCUSSION

At the outset, we must consider Defendants' argument that Himel has waived its right to appeal that portion of the ruling related to the personal liability of Pitts because it failed to assign this as error. "The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." Uniform Rules-Courts of Appeal, Rule 1-3. Himel made the following specification of errors:

1.  Whether the trial court applied the appropriate legal standard for summary judgment proceedings and based its ruling upon facts that did not warrant dismissing plaintiff's claim for detrimental reliance.

2.  Whether the trial court erroneously held that there are no genuine issues of material fact in dispute regarding plaintiff's claim for detrimental reliance to afford summary judgment in favor of defendants and dismissing plaintiff's claim with prejudice.

The trial court specifically addressed Himel's claim against Pitts and, in its reasons for ruling, stated: "This court finds that the plaintiff has failed to carry their [sic] burden in establishing that Pitts promised them that they would be granted the Broussard location and further that they reasonably relied on any such assertion." Himel argues against this ruling in its brief to this court. Furthermore, we find that

2

Himel's specifications of error include its claim against Pitts because it uses the plural "defendants." Thus, we consider Defendants' argument that Himel failed to raise the issue of the liability of Pitts in its assignment of errors to be without merit.

We review this matter de novo. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180. In *Beard v. Grey Wolf Drilling Co.*, 00-345, pp. 2-3 (La.App. 3 Cir. 11/2/00), 774 So.2d 287, 288-89, we recognized:

> At the outset, we note that appellate courts review summary judgments *de novo* under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. *Schroeder v. Board of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991); *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
>
> . . . .
>
> The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. Thereafter, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id*. Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id*.

Any factual inferences drawn from the evidence must be construed in the plaintiff's favor, and in making our determination as to whether an issue is genuine, we cannot make determinations on the merits of the claim, make credibility determinations, or evaluate the weight of the evidence. *See Independent Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

Himel contends that the trial court did not apply the appropriate standard for summary judgment and based its ruling upon facts that did not warrant dismissing its claim for detrimental reliance. Defendants submitted the following statements of uncontested facts:

1.  Plaintiff did not have a written contract with defendant to open a store in Broussard, LA.

3

2. Plaintiff did not submit a written proposal to defendant to open a store in Broussard, LA.

3. Plaintiff does not know the course and scope of defendant Emerson Pitts' employment with defendant Genuine Parts Company.

The trial court, in its reasons for ruling, specifically stated that "Plaintiff's reliance is thus on the failure of the defendants to inform, rather than any promises made" and that "[t]he evidence reflects only a promise to help on behalf of NAPA." Himel contends that Defendants' statements of uncontested facts have no relation to the requirements for a claim of detrimental reliance and that to reach these conclusions, the trial judge necessarily made credibility determinations. We disagree. As discussed below, consideration must be given to the substantive law concerning detrimental reliance. Proving a promise and reliance thereon is only part of the inquiry. We find that the trial judge did not apply the wrong standard in his grant of summary judgment.

Himel argues that there are genuine issues of material fact that preclude summary judgment. The applicable substantive law determines materiality. Thus, whether a particular fact in dispute is material for the purpose of summary judgment can only be determined in light of the substantive law applicable to the case. *Dickerson v. Piccadilly Restaurants, Inc.*, 99-2633 (La.App. 1 Cir. 12/22/00), 785 So.2d 842.

Louisiana Civil Code Article 1967 provides, in pertinent part:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

In order to establish a claim for detrimental reliance, a party must prove the following three elements by a preponderance of the evidence: (1) a representation by conduct or word, (2) justifiable reliance, and (3) a change in position to one's detriment because of the reliance. *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459 (La. 4/12/05), 907 So.2d 37. The purpose of the doctrine of detrimental

4

reliance is to prevent injustice by preventing a party from taking a position that is contrary to his prior acts, admissions, representations, or silence. *Id.*

"[T]he focus of analysis of a detrimental reliance claim is not whether the parties intended to perform, but, instead, whether a representation was made in such a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment." *Garber v. Badon & Ranier*, 07-1497, p. 19 (La.App. 3 Cir. 4/2/08), 981 So.2d 92, 104, *writ denied*, 08-1154 (La. 9/19/08), 992 So.2d 943.

Louisiana law does not favor the doctrine of detrimental reliance; thus, all claims must be examined strictly and carefully. *Moroux v. Toce*, 06-831, 06-832 (La.App. 3 Cir. 11/2/06), 943 So.2d 1263, *writ denied*, 07-117 (La. 3/16/07), 952 So.2d 698. Defendants' burden on its motion for summary judgment did not require them to negate all three of the essential elements of Himel's claim of detrimental reliance, but Defendants were required to establish that there was an absence of factual support for one or more elements essential to Himel's claim. La.Code Civ.P. art. 966(C)(2). Since Defendants met this requirement, the burden shifted to Himel "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. . . ." *Id.*

Defendants contend that the essential elements of Himel's claim of detrimental reliance are missing because Himel has not proven that it relied to its detriment on Defendants' actions when it leased a building (which was purchased by the same business entity that owns Himel) and hired staff for the Broussard store (after it was informed that someone else would be opening the NAPA store in Broussard), because Defendants informed Himel that there were other prospects interested in opening a Broussard store and because Himel did not submit the required prospect book. We agree and find a lack of evidence in the pleadings, depositions, and affidavits to show that Himel could carry its burden of proving, at trial, that it detrimentally changed its position based on its reliance that it would be the one to open the Broussard store. Most important, the evidence shows that the building which Himel alleges that it

purchased was purchased by another entity, J&K Properties of Acadiana, LLC, and there is no evidence to show that personnel were in fact hired to man the Broussard store.[1] We find that Defendants effectively established an absence of factual support for one or more elements essential to Himel's claim of detrimental reliance. The burden thus shifted to Himel "to produce factual support sufficient to establish that he will be able to satisfy [its] evidentiary burden of proof at trial. . . ." La.Code Civ.P. art. 966(C)(2). Himel submitted only correspondence from Pitts and phone records to show that there were ongoing conversations with NAPA representatives. There was no evidence or testimony introduced to show any expenses incurred by Himel or to prove that employees were hired. In sum, Himel submitted no evidence to show that it changed its position to its detriment and has made only the conclusory statement that it incurred substantial costs in obtaining a building. Furthermore, as the trial judge recognized, Defendants made no promise that Himel would be granted the Broussard location. All of the correspondence that appears in the record and the depositions of record indicate that Himel was offered the opportunity to submit a business plan, which Defendants might or might not approve, for the Broussard store. Himel did not submit such a plan. Where no specific promises were made, even though Himel may have suffered a detriment, we cannot say that this was a result of "a *reasonable* reliance for which there is recovery under Article 1967." *Garber*, 981 So.2d at106. Furthermore, because Himel has failed "to produce factual support sufficient to establish that [it] will be able to satisfy [its] evidentiary burden of proof at trial, there is no genuine issue of material fact." La.Code Civ.P. art. 966(C)(2). Accordingly, we affirm the dismissal of Himel's claim by summary judgment.

With regard to Himel's claim against Pitts, we find no error in the trial court's grant of summary judgment. There is no evidence to show that Pitts was acting outside of the course and scope of his employment with NAPA or to indicate that

---

[1]Defendants contend that Himel's responses to discovery indicated hire dates after the July 9, 2008 letter informing Himel that someone else would be opening the NAPA store in Broussard. However, these discovery responses do not appear in the record and cannot be considered by this court.

Himel would be able to meet its evidentiary burden of proving Pitts' personal liability at trial, and Himel's petition for damages does not allege any personal duty owed by Pitts to Himel.

## DECREE

For all of the foregoing reasons, we find that the trial court properly granted summary judgment in favor of NAPA and Pitts. Thus, we affirm the trial court's judgment dismissing Himel's suit. Costs of this appeal are assessed to Plaintiff/Appellant, Himel Motor Supply of Lafayette, Inc.

**AFFIRMED.**