NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1142

MARY ELIZABETH SIGURE, ET AL.

VERSUS

DENNIS WAYNE LOGER, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 113089,
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.

AFFIRMED.

Charles C. Garrison
Caffery, Oubre, Campbell, L. L. P.
P. O. Drawer 12410
New Iberia, LA 70562-2410
(337) 364-1816
COUNSEL FOR DEFENDANT/APPELLEE:
    Southern Farm Bureau Cas. Ins. Co.
    Dennis Wayne Loger
    Ronnie Gonsoulin
    Unysee Gonsoulin and Sons, Inc.

**Gretchen Heider Mayard**
**Martin Mayard, LLC**
**P. O. Box 81338**
**Lafayette, LA 70598-1338**
**(337) 291-2440**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**State Farm Fire and Casualty Company**

**Craig J. Fontenot**
**Williamson, Fontenot & Campbell, L. L. C.**
**343 Royal St.**
**Baton Rouge, LA 70802**
**(225) 383-4010**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Mary Elizabeth Sigure, et al.**

**SAUNDERS, Judge.**

This case deals with an automobile accident case wherein a driver, whose road had a stop sign at the intersection with the defendant driver's road, failed to yield to that defendant driver as he drove on a favored roadway. The driver was struck by the large truck driven by the defendant driver as she attempted to make a left turn. The driver died as a result of the accident.

Plaintiff, the driver's mother, filed suit on behalf of driver alleging that defendant driver was the sole cause of the accident. The trial court granted motions for summary judgment filed by all defendants. The plaintiff appeals. We affirm.

## FACTS AND PROCEDURAL HISTORY:

On October 31, 2007, a tragic and fatal automobile accident occurred at the intersection of Sugar Mill Road and Daspit Road in New Iberia, Louisiana. Defendant, Dennis Wayne Loger (Loger), acting in the course and scope of his employment with Ulysse Gonsoulin & Sons, Inc., was traveling west on Sugar Mill Road near its intersection with Daspit Road in a Peterbuilt 18-wheeler used to carry sugarcane. Sugar Mill Road was the favored roadway, with Daspit Road having a stop sign at the intersection of the two roads.

Cyrstal Antiqua Sigure was travelling south on Daspit Road near the intersection with Sugar Mill Road when she attempted to make a left turn onto Sugar Mill Road directly in the path of Loger. Loger, in an attempt to avoid the impending collision, veered left across the center line and struck Cyrstal Antiqua Sigure's vehicle on the driver's side. She suffered fatal injuries in the collision.

Loger's vehicle was insured by Southern Farm Bureau Casualty Insurance Company (Farm Bureau). State Farm provided an underinsured/uninsured motorist policy to Sigure.

Mary Elizabeth Sigure (Sigure), filed suit on behalf of her deceased daughter, Crystal Antiqua Sigure, against Loger, Ulysse Gonsoulin & Sons, Inc., Farm Bureau, and State Farm. All defendants filed a motion for summary judgment.

The trial court granted the motions for summary judgment, finding that Loger was not at fault in causing the accident, thus dismissing Loger, Ulysse Gonsoulin & Sons, Inc., and Farm Bureau. Further, because an underinsured/uninsured motorist was not at fault for the accident, the trial court also granted State Farm's motion for summary judgment.

Sigure filed this appeal. She alleges a single assignment of error.

**DISCUSSION OF THE MERITS:**

In the sole assignment of error raised, Sigure asserts that the trial court erred in granting the motions for summary judgment filed by all defendants when she presented expert testimony from Michael Gillen, who opined that defendant, Dennis Wayne Loger, was partially at fault for the subject accident. We find no merit in this assertion.

Summary judgments are subject to a de novo review. *Thibodeaux v. Lafayette Gen. Surgical Hosp.*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

In adjudicating motions for summary judgment, it is vital to be aware of the subtleties regarding the burden of proof undertaken by both the movant and non-movant of the motion. Though the burden of proof on the motion for summary judgment remains on the movant, that burden differs depending upon whether the movant will bear the burden of proof at trial on the same matter that is the subject of the motion for summary judgment. *Johnson v. State Farm Ins.*, 08-1250 (La.App. 3 Cir. 4/1/09), 8 So.3d 808.

> [I]f the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

Here, Loger, as the movant, bears the burden of proof on the motion for summary judgment. However, Loger will not bear the burden of proof at trial on the matter that is before the court, i.e. Sigure's claim for damages from the accident. Thus, Loger is not required to negate all elements of Sigure's claim. Rather, Loger points out that an essential element of Sigure's claim is that he bears some negligence in causing the accident. Loger asserts that there is no evidence that he was negligent in causing the accident. Therefore, is it incumbent on Sigure to produce some factual support that she "will be able to satisfy [her] this evidentiary burden of proof at trial." *Id.*

Sigure contends that a genuine issue of material fact exists as to whether Loger was negligent in causing the accident. First, Sigure argues that Loger's speed was a contributing factor to the accident. However, Sigure's expert in

3

accident reconstruction, Michael Gillen, stated the following, "There was some indication in some deposition testimony that the truck may have been speeding. Our calculations indicated there was no indication he was speeding." Therefore, we find no merit to this argument.

Sigure's second argument is that Loger could have avoided the accident by steering to his right rather than his left when he saw Sigure pull out in front of him from her stop sign. Loger points out that this argument ignores the correct application of the "sudden emergency doctrine." This doctrine, as created by our Louisiana Supreme Court in *Hickman v. Southern Pacific Transport Co.*, 262 La. 102, 112-13, 262 So.2d 385, 389 (1972), states:

> One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.

The evidence in the record is clear. Sigure solely created a sudden emergency for Loger by failing to uphold her duty at the stop sign to yield to crossing traffic in a favored roadway. There is no evidence in the record that Loger was speeding, impaired, or had any fault in creating this sudden emergency. Thus, whether there is any validity to Sigure and her expert's contention, that Loger should have steered to the right versus the left when faced with that sudden emergency, is not relevant.

As such, we find that the "sudden emergency doctrine" applies to Loger's actions in this accident. This application renders Loger free from fault in causing this accident.

Accordingly, we find that Sigure has failed to produce some factual support that she "will be able to satisfy [her] evidentiary burden of proof at trial" to show

4

that Loger bore fault in causing the accident. La.Code Civ.P. art. 966(C)(2). As such, we find no merit to the sole assignment of error raised.

## CONCLUSION:

Mary Elizabeth Sigure's sole assignment of error proposes that the trial court erred in granting the motions for summary judgment filed by all defendants when she presented expert testimony from Michael Gillen who opined that defendant, Dennis Wayne Loger, was partially at fault for the subject accident. We find that Sigure has failed to produce factual support that she "will be able to satisfy [her] evidentiary burden of proof at trial" to show that Loger was negligent in causing the accident. La.Code Civ.P. art. 966(C)(2). Therefore, the judgment of the trial court granting Loger's motion for summary judgment is affirmed. All costs of these proceedings are to be paid by Mary Elizabeth Sigure.

**AFFIRMED.**