STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-79


CHRISTY ROBINETTE

VERSUS

OLD REPUBLIC INSURANCE COMPANY,

ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20140883
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar,
Judges.


AFFIRMED.

**Philip E. Roberts**
**Ungarino & Eckert, LLC**
**600 Jefferson Street, Ste 850**
**Lafayette, LA 70501**
**(337) 235-6268**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Old Republic Insurance Company**
    **Joseph Zeno, Jr.**

**William H. Eckert**
**Ungarino & Eckert, LLC**
**600 Jefferson Street, Ste 850**
**Lafayette, LA 70501**
**(337) 235-5656**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Old Republic Insurance Company**
    **Joseph Zeno, Jr.**

**Keith P. Saltzman**
**Anderson & Dozier**
**P. O. Box 82008**
**Lafayette, LA 70598-2008**
**(337) 233-3366**
**COUNSEL FOR PLAINTIFF APPELLEE:**
    **Christy Robinette**

**KYZAR, Judge.**

This matter arose as the result of an accident involving a vehicle driven by defendant, Joseph Zeno, Jr. (Zeno), in which the plaintiff, Christy Robinette (Robinette), was a passenger. Defendants, Zeno and Old Republic Insurance Company (Old Republic), appeal from the grant of a Motion for Summary Judgment on the issue of liability in favor of the plaintiff. For the reasons herein, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

On October 21, 2013, the defendant, Zeno, and the plaintiff, Robinette, were involved in an automobile accident in which Robinette claims to have been injured. On this day, Zeno had driven to Robinette's school, Blue Cliff College in Lafayette, in order to pick her up for lunch. Robinette got into the passenger side of the vehicle. Though it is disputed how the argument began, both parties admit that they quickly entered in to a heated discussion. Zeno asserts in his affidavit that Robinette became verbally abusive, screaming and cursing at him as he attempted to exit the parking lot of the school.

Because of this, Zeno states, he attempted to return Robinette to her school rather than continue on to their planned lunch. At this point, Zeno was approaching the exit of the parking lot and was on a downward incline, causing the back of his vehicle to sit higher than the front. It is undisputed that Zeno placed the vehicle in reverse and applied pressure to the accelerator. When the vehicle accelerated in reverse, it collided with the vehicle behind it.

The plaintiff filed suit claiming damages for bodily injuries as a result of the collision. She asserts that the accident was caused solely as a result of the negligence of Zeno as driver of the vehicle. In answer to the petition, defendants

admitted that Robinette was a guest passenger at the time of the accident in the vehicle, which was being driven by Zeno, owned by his employer, Genuine Parts Company, and insured by Old Republic. Genuine Parts Company, as owner of the vehicle, was voluntarily dismissed. The remaining defendants allege that the accident was caused solely, or alternatively in part, by the negligence of the plaintiff in distracting Zeno as he attempted to operate the vehicle.

On July 21, 2016, Robinette filed a Motion for Summary Judgment on the issues of liability and insurance coverage in regards to injuries purportedly sustained by Robinette as a result of the accident. At the hearing on that motion, held on September 6, 2016, the parties agreed as to the existence of requisite insurance coverage. Only the question of liability was disputed. After arguments by counsel, the trial court found that there was no genuine issue of material fact and granted Robinette's motion for partial summary judgment, establishing insurance coverage and liability against the defendants. Defendants appeal that judgment as to the issue of liability only.

## ASSIGNMENT OF ERRORS

On appeal, defendants urge only one assignment of error, which states:

> The trial court abused its discretion in granting Plaintiff's Motion for Summary Judgment when material issues of fact remain unresolved and by not correctly applying the burden of proof rule contained in [La.Code Civ.P. art. 996(D)] by failing to construe all "factual inferences reasonably drawn from the evidence in favor of the party opposing the Motion" and resolving all doubt "in the opponent's favor." *Watters v. Dep't of Soc. Servs.*, 2003-0703 (La.App. 4 Cir. 5/14/03), 849 So.2d 724, 731 citing *Willis v Medders*, 2000-2507, p. 2 (La. 12/08/00), 775 So.2d 1049, 1050.

## OPINION

Appellate courts review summary judgments *de novo* under the same criteria that governed the trial court's consideration of whether or not summary judgment

was appropriate. *Schroeder v. Board of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991); *Soileau v. D & J Tire, Inc.*, 97–318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, *writ denied*, 97–2737 (La.1/16/98); 706 So.2d 979. *Beard v. Grey Wolf Drilling Co.*, 00-345 (La.App. 3 Cir. 11/2/00), 774 So.2d 287. Louisiana's Code of Civil Procedure Article 966(A)(3) states that summary judgment shall be rendered forthwith after an opportunity for adequate discovery, if "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."

On appeal, defendants argue summary judgment was not appropriate as issues of material fact remain in regards to the question of liability. Defendants also contend that the correct burden of proof rule was not applied, as required by the provisions of La. Code Civ.P. art. 966, which provides, in pertinent part:

> D. (1) The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Defendants maintain that because there are variations in the accounts of the event given by Robinette and Zeno, certain material facts remain disputed. They further assert the factual contentions contained in their affidavits were not provided the required deference given to the claims of a non-movant for summary judgment pursuant to La.Code Civ.P. art. 966. This court recognizes the requirement to construe factual inferences that are reasonably drawn from the evidence in favor of the party opposing the motion. See *Johnson*, 8 So.3d at 808. All doubt is to be

3

resolved in the non-moving party's favor. *Id.* However, not all facts or assertions regarding a certain event will be relevant in the consideration of summary judgment.

The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of *material fact* remains. *Kumpe v. State*, 97–386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, *writ denied*, 98–50 (La.3/13/98); 712 So.2d 882. *Grey Wolf Drilling Co.*, 774 So.2d at 289. Facts are material, for purposes of summary judgment, if they determine the outcome of the legal dispute, and the determination of the materiality of a particular fact must be made in light of the relevant substantive law. *Id.* Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Kumpe*, 712 So.2d at 882; *Grey Wolf Drilling Co.*, 774 So.2d at 289. Defendants contend that because Zeno and Robinette offer differing accounts, material facts remain in dispute. The following facts, however, are undisputed: 1) at the time of the accident, Zeno was driving the vehicle and Robinette was a guest passenger in said vehicle; 2) the two parties were having a heated discussion; 3) during this discussion and while attempting to exit the school parking area, Zeno put the truck he was driving in reverse and pressed on the accelerator; and 4) this acceleration caused Zeno's truck to strike the vehicle behind it.

The claim leveled against defendants in the current proceeding is one of negligence. Defendants argue Robinette bears some percentage of comparative fault for the accident, stating that Robinette began screaming, yelling, and cursing at Zeno "in a very insulting and distracting manner" immediately prior to the accident, and these actions make her liable, either solely or in part, as she

4

distracted Zeno from driving. No party argues that Robinette struck, obstructed the vision of, or physically interfered with Zeno in his operation of the vehicle at any time.

Louisiana's case law has consistently held that a driver's negligence is not imputed to a guest passenger. *Adams v. Sec. Ins. Co. of Hartford*, 543 So.2d 480, 485 (La.1989); *Jagers v. Royal Indemnity Company*, 276 So.2d 309 (La.1973); *Gaspard v. LeMaire*, 245 La. 239, 158 So.2d 149 (1963); *Felt v. Price*, 240 La. 966, 126 So.2d 330 (1961); *White v. State Farm Mut. Auto. Ins. Co.*, 222 La. 994, 64 So.2d 245 (1953); *Kientz v. Charles Dennery, Inc.*, 209 La. 144, 24 So.2d 292 (1945); *Squyres v. Baldwin*, 191 La. 249, 185 So. 14 (1938); *Lawrason v. Richard*, 172 La. 696, 135 So. 29 (1931); *Churchill v. Texas & Pac. Ry. Co.*, 151 La. 726, 92 So. 314 (1922); *Daull v. New Orleans Ry. & Light Co.*, 147 La. 1012, 86 So. 477 (1920); *Maritzky v. Shreveport Rys. Co.*, 144 La. 692, 81 So. 253 (1919); and *Peterson v. New Orleans Ry. & Light Co.*, 142 La. 835, 77 So. 647 (1918). A driver's negligence is not imputable because it is unrealistic to hold that a guest passenger factually has any control or right of control over the motorist with whom he rides. *Nowell v. State Farm Mut. Auto. Ins. Co.*, 576 So.2d 77, 80 (La. Ct. App. 1991), *writ denied*, 580 So.2d 923 (La.1991). Louisiana law does recognize that a passenger in a motor vehicle can have fault imposed where there is a joint venture, an independent negligent act by the passenger, or a showing that the rider had actual or constructive knowledge of a driver's incompetence or impaired ability to operate the vehicle.[1] This theory has only been used, however, in special and out-

---

[1] *Sledge v. Cont'l Cas. Co.*, 639 So.2d 805 (La. Ct. App. 1994) (finding that a father-passenger could be held partially negligent for causing an accident where he asked his 15-year-old son to drive at 3:00 a.m., knowing the teen had gotten less than an hour of rest but would be unlikely to refuse a request from his father, and promptly went to sleep himself, leaving the unlicensed teen driver alone and unsupervised); *Adams v. Security Ins. Co. of Hartford*, 543 So.2d 480 (La. 1989)

of-the-ordinary situations. It has not been used, in Louisiana or other jurisdictions, to hold a guest passenger subject to comparative fault where the passenger, knowingly or otherwise, entered the vehicle of a driver in a heightened emotional state, as defendants argue herein. There is no precedent in Louisiana law for holding a guest passenger contributorily liable under these conditions.

Defendants cite multiple out-of-state cases to support their contention that Robinette's contributory negligence remains a genuine issue of material fact. While the conclusions of law reached are not binding upon this court, we will address each of the cited cases as they are easily distinguishable from the facts presented herein. Defendants cite *Kuebler v. Kuebler*, 90 A.D.3d 1611, 936 N.Y.S.2d 448 (2011), in which a New York appellate court found that the question of a plaintiff-passenger's actions in terms of potential comparative fault defeated summary judgment. However, that case involved the failure of a father to supervise his son, an unlicensed driver with a learner's permit. *Id.* As that court notes, "A licensed driver supervising an unlicensed driver with a learner's permit owes a duty…to take necessary measures to prevent negligence on the part of the driver with the learner's permit (*see generally Lazofsky v. City of New York*, 22 A.D.2d 858, 254 N.Y.S.2d 349). *Kuebler*, 90 A.D.3d at 1612. The court's

(finding that a guest passenger may be found guilty of contributory negligence for a failure to protest a driver's negligence, but only in special circumstances which indicate that a passenger's protests might have influenced a driver to operate more prudently); *Nowell v. State Farm Auto. Ins. Co.*, 576 So.2d 77 (La.App. 2d Cir. 1991), *writ denied*, 580 So.2d 923 (La. 1991) (which held a passenger has a duty to avoid exposing himself to risk by riding with an intoxicated driver, if the alcohol-induced impairment of the driver is a substantial cause of the driver's negligence and if the passenger voluntarily rides with the intoxicated individual or where there is a showing that the driver was impaired to such a degree that his conduct and driving would cause the passenger to know, actually or constructively, of the driver's condition so as to support the finding the passenger was comparatively negligent either in riding with the driver or in not protesting the driver's operation of the vehicle); *Daugherty v. Casualty Reciprocal Exchange Ins. Co.*, 522 So.2d 1323 (La.App. 2d Cir. 1988) (finding recovery by guest passenger was lessened, but not totally barred, by the assumption of risk doctrine where both passenger and driver were high from their joint participation in drug use over several hours and driver told passenger she was tired and did not wish to drive the rest of the trip).

6

analysis centered on the fact that the plaintiff had a clear duty by law, and whether the breach of that duty, supported by evidence, constituted a genuine issue of material fact in the granting of a summary judgment. *Id.* In the case at hand, Zeno was a licensed and experienced driver whom Robinette, as a guest passenger, had no duty to supervise[2] and, thus, could not be liable for any breach thereof.

Defendants next cite a decision from the Supreme Court of Oklahoma which discusses the possibility of active negligence on the part of a passenger. That court introduces the theory and sets forth the example of passengers who had been drinking heavily, teasing a newly-licensed driver about his cautious driving, and actively urging him to drive at high speeds in a neighborhood with winding roads. *See Snyder v. Dominguez*, 2008 OK 53, 202 P.3d 135, 139 (2008). This idea of active negligence comes from common law principles and the *Restatement (Second) of Torts* (1965), which states that an individual may be liable if he or she knows that another person's conduct constitutes a breach of duty and gives "substantial assistance or encouragement to the other" to breach that duty. Defendants have offered no evidence that Robinette encouraged Zeno to act negligently or that she assisted him in so doing. There is no showing of Robinette encouraging or substantially assisting Zeno in his decision to place the vehicle in reverse and accelerate while another vehicle was behind his own. Absent such evidence, the theory of active negligence contemplated by the Oklahoma Supreme Court, *supra*, and put forth by defendants clearly does not apply in this instance.

Defendants finally point to a New Jersey appellate court decision which found that a passenger in a motor vehicle has a duty not to interfere with the

---

[2] See *Adams v. Security Ins. Co. of Hartford*, 543 So.2d 480, 485 (La. 1989); *White v. State Farm Mut. Auto. Ins. Co.*, 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338 (1953).

7

driver's operations. *Kubert v. Best*, 432 N.J. Super, 495, 515, 75 A.3d 1214, 1226 (App. Div. 2013). Louisiana courts, and other jurisdictions, have found that a passenger can be at fault where there is an independent negligent act by the passenger. *Sledge v. Continental Cas. Co.*, 25, 770 (La. App. 2 Cir. 6/24/94), 639 So.2d 805. The *Kubert* court dealt with the issue of texting while driving, again in clear violation of local law, ultimately finding summary judgment to be proper on the issue of liability. The court goes on to give examples of actions that might breach a passenger's duty to not interfere with the driver's operations, including holding a piece of paper in front of the driver's face or urging the driver to look at or read a text message or cell phone screen. *Kubert*, 432 N.J. Super at 515. Defendants do not allege Robinette obstructed Zeno's view or in any way physically interfered with his operation of the vehicle. None of the cited cases have found an ordinary guest passenger, who has no duty to supervise, at fault for the use of words or phrases that do not relate to the operation of the vehicle or encourage the driver to take his eyes off of the roadway or otherwise act negligently. In other words, no showing has been made, nor does any jurisprudence support, that a passenger may be held liable merely for participating in an emotional or heated discussion with a driver at the time of an accident.

Defendants proclaim a passenger has a duty to avoid yelling or screaming in such a manner as to distract the driver from operating a vehicle and that Robinette's actions violated this duty, making her solely or partly at fault in causing the accident. However, as the New Jersey appellate court[3] notes and this court reiterates: It is the primary responsibility of the driver to obey the law and to avoid distractions. Imposing a duty on a passenger to avoid any conduct that might

---

[3] *Kubert v. Best*, 75 A.3d 1214.

8

theoretically distract the driver would open too broad a swath of potential liability in ordinary and innocent circumstances.[4] Courts must be careful not to create a broadly worded duty and run the risk of unintentionally imposing liability in situations far beyond the parameters we now face. The Louisiana Supreme Court has shown that it intends to move with caution in expanding new areas of delictual responsibility. *Edwards v. Louisville Ladder Co.*, 796 F.Supp. 966, 971 (W.D. La.1992). Acceptance of defendants' assertion that Robinette's actions of screaming and yelling breached a duty and place her at fault for causing the accident would require the adoption of a cause of action for comparative fault of a guest passenger more expansive than any recognized in any jurisdiction in this country.

Robinette did not strike Zeno, encourage him to take his eyes off the road, or do anything to impede Zeno's operation of the vehicle other than purportedly screaming, yelling, and cursing. To impose liability upon a passenger for such would allow drivers to avoid responsibility for their own actions any time a passenger acted out of turn. Every conversation has the potential to be distracting, but no court has held that a conversation mitigates a driver's responsibility to avoid acting negligently. If a motorist is driving a parent and children, and the children are screaming, yelling, or otherwise behaving in a distracting manner in the backseat, is the parent vicariously liable in the case of an accident? Is a passenger who turns up a car radio to a volume that is arguably distracting to be held partially liable for a driver's negligence? If the song playing loudly on the stereo contains potentially offensive language, is the guest passenger then liable for a driver's distraction? Clearly not. While this court does not condone the behavior of which

---

[4] *Id* at 516

Robinette is accused, we decline to impose liability here on a guest passenger who was merely participating in a discussion with the driver, however heated. We find Robinette did not breach any duty owed to Zeno. A motorist has a duty of care which includes the duty to keep his vehicle under control and to maintain a proper lookout for hazards. *Clarkston v. Louisiana Farm Bureau Cas. Ins. Co.*, 07–0158, (La.App. 4 Cir. 7/2/08), 989 So.2d 164. It is the primary duty of the driver to obey the law and avoid distractions. A passenger is entitled to entrust his safety to the driver. *Gaspard v. LeMaire* 245 La. 239, 158 So.2d 149 (1963).

Both Zeno and Robinette admit to being engaged in a heated discussion at the time of the accident. Some dispute remains between the parties as to the degree to which the argument escalated. However, even if we fully accept Zeno's version of the event, this court will not impose liability on Robinette in these circumstances. Zeno, the driver of the vehicle, chose to return Robinette to her school with no request or demand from her. Zeno chose the manner by which he attempted to do so. Zeno undisputedly put the vehicle into reverse and pressed down on the accelerator with no urging or assistance from Robinette. Pursuant to these facts, there is simply no basis in Louisiana law upon which to impose passenger liability. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Hyman v. E. Jefferson Gen. Hosp.*, 04-1222 (La.App. 5 Cir. 3/1/05, 4), 900 So.2d 124, 126; *Foster v. Consolidated Employment Systems, Inc.*, 98-948 (La.App. 5 Cir. 1/26/99), 726 So.2d 494, *writ denied*, 99-0523 (La. 4/30/99), 741 So.2d 14. There must be a genuine or triable issue of relevance and materiality on which reasonable persons could disagree in order to defeat such a motion. *Rowley v. Loupe*, 96-918 (La. App.

10

5 Cir. 4/9/97), 694 So.2d 1006, 1008. In the current case, the relevant material facts are before the court and undisputed. As such, the grant of summary judgment on the issue of liability was proper as a matter of law.

## DISPOSITION

For the reasons set forth herein, we affirm the ruling of the trial court on the issue of liability. Costs of this appeal are assessed to defendant-appellants.

**AFFIRMED.**