■ TERRY J. McEWEN, Plaintiff, v ALLEN KEATOR et al., Defendants and Third-Party Plaintiffs-Respondents. WILLIAM WILKINSON, JR., Third-Party Defendant-Appellant.—Appeal from an order of the Supreme Court at Special Term, entered July 1, 1976 in Rensselaer County, which denied third-party defendant's motion for summary judgment. Plaintiff was the holder of a learner's permit for the operation of a motorcycle and could exercise driving privileges under it only when controlled and supervised by the possessor of a valid license for that type of vehicle (Vehicle and Traffic Law, § 501, subd 5, pars [a], [c]; 15 NYCRR 3.4 [g]; 15 NYCRR 3.2 [c] [6]). On May 28, 1973 he was operating his motorcycle on New York State Route 9W in company with such a person, the third-party defendant herein. It had been raining and the pavement was wet. As plaintiff followed this other motorcyclist over a railroad crossing, an accident occurred in which plaintiff collided with an automobile approaching from the opposite direction. While there are conflicting versions relating to the happening of the incident, there is no dispute concerning the actions of the third-party defendant. At the time of the impact he was traveling on his own righthand side of the

highway at a moderate speed, not more than 50 feet ahead of plaintiff, and was not involved in the collision itself. Plaintiff's suit against the automobile driver prompted a third-party action against the supervising motorcyclist and Special Term has denied his subsequent motion for summary judgment dismissing the third-party complaint. On this appeal the third-party defend-ant argues that there are no questions of fact as to his liability and, secondly, since the doctrine of contributory negligence applies in this case, that any negligence on his part that caused or contributed to an unreasonable and imprudent operation of plaintiff's motorcycle would bar plaintiff's recovery and thus eliminate the predicate of defendant's third-party action against him. We reject these contentions. It is the duty of a licensed automobile driver to use general care in the instruction of a learner under his supervision (see *Lazofsky v City of New York,* 22 AD2d 858), and we see no reason to depart from this basic rule merely because the standards governing the discharge of that duty might have to be measured or evaluated somewhat differently when motorcycles are involved. Accordingly, even though the activities of the third-party defendant are not contested, it remains for a jury to say whether he employed reasonable instructional care in light of the prevailing weather conditions and his location some 50 feet ahead of the plaintiff. The alternate claim of the third-party defendant is wholly without merit for it would be absurd to charge a learner with the instructional failures of his supervisor. The present record reflects no other circumstances that might be said to constitute contributory negligence on plaintiff's part as a matter of law and, therefore, Special Term properly denied the instant motion. Order affirmed, with costs. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.