OPINION OF THE COURT
Albert A. Rubin, J.
Does an unlicensed motorcycle operator with a learner’s permit violate section 509 of the Vehicle and Traffic Law, when his supervisor is in a house one eighth of a mile away?
The facts are not in dispute. On September 15, 1979, the defendant, who possessed a class 5 New York State driver’s license and a learner’s permit for a class 7 license, received a *941 summons for a violation of section 509 of the Vehicle and Traffic Law in that he was unsupervised while operating a motorcycle without a motorcycle license.
At the trial, the defendant was accompanied by a friend, one Frank Schubart, who testified that he had a valid class 5 and motorcycle license, both of which were introduced in evidence. He further testified that he was acting as "supervisor” of the defendant who had a learner’s permit for a class 7 license.
On September 15, 1979, both the defendant and his alleged supervisor were doing carpentry work at premises 320 N. Village Avenue. The defendant left the premises, mounted his motorcycle, and rode to a shopping center some one eighth of a mile away to get some food. While at the shopping center he got into an accident and received the subject summons. Both the defendant and Frank Schubart testified that Mr. Schubart was in a house approximately one eighth of a mile away at the time of the accident. When asked how he could possibly supervise him from the house, Mr. Schubart replied, "I was all around the house * * * and I was watching him periodically”. Both Mr. Schubart and the defendant took the position that there could not be a violation of section 509 if the supervisor was within a quarter of a mile of the permit-holder learner.
Section 501 (subd 5, par [c]) of the Vehicle and Traffic Law provides that "the required supervising driver need exercise only general supervision and control over the learner as prescribed by regulation of the commissioner when the learner is operating a motorcycle”.
The unequivocal testimony before the court is that this defendant was operating a motorcycle without a class 7 license. His statement that the supervisor, admittedly located in a house an eighth of a mile away from the scene of the accident, was exercising "general supervision and control” strains credulity.
It is quite possible that had the defendant been within the sight of the supervisor at all times, then an eighth of a mile or even a quarter of a mile distance might fall within the purview of the regulations of the Motor Vehicle Department. Had there been testimony before this court that the supervisor was outside the house where they were doing the carpentry work and that the defendant was within his sight at all times, this decision might have been different.
It is inconceivable that the Department of Motor Vehicles *942 would ever authorize anyone to supervise a learner from a distance of an eighth of a mile away when the alleged supervisor is in a house and could not possibly see the operator of the motorcycle.
The defendant is guilty as charged.