OPINION OF THE COURT
Norman J. Wolf, J.
Defendant Slating has moved this court pursuant to CPLR 3212 for summary judgment together with costs and disbursements upon the grounds that there are no triable issues of fact and there is no merit to the causes of action in the complaint. Plaintiff opposes defendant Slating’s motion and requests summary judgment in favor of the plaintiff and against the defendants. Defendant Lawton joins in the request that the court review the basic automobile insurance policy and determine whether or not Public Service Mutual Insurance Company has an obligation to defend him in the lawsuit instituted by the defendant Slating. Defendant Blidy did not appear.
This action arises out of an accident wherein it is alleged that defendant Alice Slating was injured when the motorcycle she was operating was struck by another motorcycle owned by Larry Snyder and operated by Hilda Snyder. Ms. Snyder was operating that motorcycle with a learner’s permit. Slating claims that the accident was also caused by the negligence of the defendants Blidy and Lawton within the use and operation of their motor vehicles through their *173 negligent supervision of Hilda Snyder. The plaintiff herein issued basic automobile liability policies to defendants Blidy and Lawton and now alleges that the damage allegedly caused to defendant Slating did not occur and was not caused by an occurrence arising out of the ownership, maintenance or use of the insured vehicles.
The policy of insurance issued to Blidy and Lawton provides, inter alla, that plaintiff will have the duty to defend any lawsuit against the insured seeking damages because of bodily injury “caused by an occurrence and arising out of the ownership, maintenance or use * * * of an owned automobile.”
The duty of an insurance company to defend is a broad one. The Fourth Department has recognized that “If the insurer is to be relieved of its duty to defend, it must show that the allegations rest solely and entirely within the exclusions of the policy and that the allegations are subject to no other interpretation”. (United States Fid. & Guar. Co. v Copfer, 63 AD2d 847.)
A licensed driver supervising a learner may be held liable if he fails to use reasonable care in the course of the supervision (Lazofsky v City of New York, 22 AD2d 858). The Third Department has applied this same standard to a licensed motorcyclist supervising another motorcyclist with a learner’s permit (McEwen v Keator, 57 AD2d 1030).
Certainly the use of a motorcycle during the supervision of another with a learner’s permit is not unanticipated. A person supervising a motorcyclist operating a vehicle with a learner’s permit must himself have a valid license entitling him to operate the same class of motorcycle (commissioner’s regulations, 15 NYCRR 3.4 [f]). Even though section 501 (subd 5, par [c]) of the Vehicle and Traffic Law requires a supervising driver to exercise “only general supervision and control * * * when the learner is operating a motorcycle”, one court has stated that, “It is inconceivable that the Department of Motor Vehicles would ever authorize anyone to supervise a learner from a distance of an eighth of a mile away when the alleged supervisor is in a house and could not possibly see the operator of the motorcycle.” (People v Tropiano, 103 Misc 2d 940, 941-942.) *174 It seems apparent, then, that a supervising driver may use a motorcycle during the course of such supervision and that this is an anticipated and valid use of his motorcycle.
Accordingly, defendant Slating’s motion for summary judgment should be granted and plaintiff required to defend Blidy and Lawton in the lawsuit instituted by Slating.