■ ANNA SAVONE, Appellant, et al., Plaintiff, v LORRAINE C. DONGES, et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff Anna Savone appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated March 27, 1985, as, upon a jury verdict apportioning 75% of the fault to her, awarded her only the principal sum of $5,000.

Judgment affirmed insofar as appealed from, with costs.

The holder of a learner's permit may only operate a motor vehicle while under the immediate supervision and control of a duly licensed driver *(see,* Vehicle and Traffic Law § 501 [5] [a] [ii], formerly § 501 [4] [b]). The licensed driver is under a duty to use general or reasonable care in the instruction and supervision of the learner-driver, but the negligence of the learner-driver is not imputable to the licensed driver *(Lazofsky v City of New York,* 22 AD2d 858; *see also, McEwen v Keator,* 57 AD2d 1030).

In this case, the learner-driver brought her car to a stop before entering the uncontrolled intersection. Both the learner-driver and the licensed driver (the plaintiff), who was

seated in the passenger's seat, looked to their left and observed another car approaching the intersection. Nevertheless the learner-driver proceeded to drive into the intersection where the front of her car struck the side of the other car. At no time did the licensed driver warn or otherwise communicate with the learner-driver regarding the approaching car. This evidence was sufficient to permit the jury to conclude that the licensed driver had breached her duty to use reasonable care in the instruction and supervision of the learner-driver *(see, Lazofsky v City of New York, supra),* and that her breach constituted 75% of the culpable conduct which caused her accident. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.