■ JUDITH M. LOZIER, Respondent-Appellant, v JESSICA K. LOZIER et al., Appellants-Respondents. [666 NYS2d 476] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated January 30, 1997, as denied their cross motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the same order as denied her motion for summary judgment against the defendants.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the motion and the cross motion. There are factual questions as to whether the plaintiff was negligent which mandate the denial of her motion (see, Savone v Donges, 122 AD2d 34; see generally, Rotuba Extruders v Ceppos, 46 NY2d 223). Further, contrary to the defendants' contention, the doctrine of "assumption of risk" does not bar the plaintiff's action as a matter of law (see, Savone v Donges, supra; see generally, Siegel v City of New York, 90 NY2d 471; cf., Morgan v State of New York, 90 NY2d 471). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.

■ ANDREW MARVEL et al., Appellants, v STONY BROOK INTERNISTS, P. C., et al., Respondents. [666 NYS2d 477] —In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated November 1, 1996, which denied their motion to vacate two judgments of the same court, entered August 28, 1995, and October 10, 1995, respectively, entered upon an order of the same court, dated May 11, 1995, dismissing the complaint as against all defendants.

Ordered that the order is affirmed, with one bill of costs.

In order for the plaintiffs to establish their entitlement to vacatur of the judgments entered upon their failure to oppose the defendants' motions to dismiss the complaint for, inter alia, failure to comply with discovery demands, the plaintiffs must demonstrate the existence of a meritorious claim and a reasonable excuse for the defaults (see, Putney v Pearlman, 203 AD2d 333). The plaintiffs failed to satisfy this standard. Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.