# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1233**
**CA 11-01073**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

JOSEPH KUEBLER, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

CHARLES R. KUEBLER, DEFENDANT-APPELLANT.

---

KENNY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF COUNSEL), FOR DEFENDANT-APPELLANT.

THE HIGGINS KANE LAW GROUP, P.C., BUFFALO (TERRENCE P. HIGGINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered December 8, 2010 in a personal injury action. The order granted the motion of plaintiff for partial summary judgment and denied the cross motion of defendant for partial summary judgment.

It is hereby ORDERED that the order so appealed from is modified on the law by denying that part of plaintiff's motion for partial summary judgment on the issue of comparative fault and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle in which he was a passenger left the roadway and struck a tree. The vehicle was operated by defendant, plaintiff's son, and plaintiff was aware that defendant had only a learner's permit. Within five minutes of leaving the parties' residence at approximately 6:40 A.M., defendant fell asleep at the wheel. According to plaintiff, defendant's negligence in operating the vehicle was the sole proximate cause of the injuries sustained by plaintiff. Defendant raised plaintiff's alleged comparative fault as an affirmative defense pursuant to CPLR article 14-A.

As limited by his brief, defendant appeals from the order insofar as it granted that part of plaintiff's motion for partial summary judgment on the issue of comparative fault and denied defendant's cross motion for partial summary judgment on that issue. We conclude that Supreme Court erred in granting that part of the motion with respect to the issue of comparative fault, and we therefore modify the order accordingly.

A licensed driver supervising an unlicensed driver with a learner's permit owes a duty to use reasonable care as an instructor (*see Michalek v Martyna*, 48 AD2d 1005), and he or she also owes a duty

to take necessary measures to prevent negligence on the part of the driver with the learner's permit (*see generally Lazofsky v City of New York*, 22 AD2d 858). Even assuming, arguendo, that plaintiff established his entitlement to judgment as a matter of law on the issue of comparative fault, we conclude that defendant raised triable issues of fact by submitting evidence that, prior to the accident, plaintiff was preoccupied with reviewing a list on a piece of paper. In addition, plaintiff testified at his deposition that he did not realize that the vehicle was leaving the roadway until he "felt the right tire go off the shoulder," and he was unable to estimate the speed at which defendant was operating the vehicle. Based upon that evidence, a jury could conclude that plaintiff had breached his duty of care in supervising defendant's operation of the vehicle and that such culpable conduct diminished plaintiff's recoverable damages (*see Pierson v Dayton*, 168 AD2d 173, 176; *Savone v Donges*, 122 AD2d 34).

We further conclude that defendant raised a triable issue of fact whether plaintiff failed to use reasonable care in his capacity as a passenger. Plaintiff's "knowledge of the competency, ability, skill and condition of [defendant] and [defendant's] apparent awareness of potential dangers" are all factors to be considered by the jury in determining whether plaintiff used reasonable care or was comparatively negligent (PJI 2:87). Here, defendant admitted that he fell asleep at the wheel. We note that a passenger may be "negligent in riding with an obviously sleepy driver" (*Purchase v Jeffrey*, 33 AD2d 620), and we have rejected the notion that "sleep sometimes presses down without warning" (*Kilburn v Bush*, 223 AD2d 110, 115 [internal quotation marks omitted]).

All concur except CARNI and LINDLEY, JJ., who concur in the result in the following Memorandum: Although we concur in the result reached by the majority, we write separately to address defendant's contention, with which we agree, that the culpable conduct of plaintiff includes conduct that is properly characterized as implied assumption of risk (*see Arbegast v Board of Educ. of S. New Berlin Cent. School*, 65 NY2d 161, 170). It is well settled that "a plaintiff who has been licensed by the State of New York to operate a motor vehicle and who voluntarily accompanies a defendant, who has just received a learner's permit, in defendant's car for the purpose of teaching the defendant to drive, assumes the risk of the defendant's inexperience" (*Le Fleur v Vergilia*, 280 App Div 1035, 1035; *see St. Denis v Skidmore*, 14 AD2d 981, *affd* 12 NY2d 901; *Spellman v Spellman*, 309 NY 663, 665). Although CPLR 1411, entitled "Damages recoverable when contributory negligence or *assumption of risk* is established" (emphasis added), eliminated implied assumption of risk as a complete bar to recovery, the doctrine remains available to a defendant seeking to diminish the damages recoverable by a plaintiff as a result of the plaintiff's own culpable conduct. Section 1411 makes it clear that, insofar as relevant herein, there are two forms of culpable conduct that may reduce a plaintiff's recovery, i.e., contributory negligence and assumption of risk (*see Arbegast*, 65 NY2d at 167). Thus, the addition of article 14-A to the CPLR did not eliminate the implied assumption of risk doctrine that the courts of this State have long recognized and that defendant advances herein. CPLR article 14-A

simply ameliorated the harsh rule that a plaintiff's implied assumption of risk served as a complete bar to recovery.

We write to further clarify that, under the circumstances presented here and assuming a sufficient quantum and quality of proof at trial, the jury should be instructed to consider plaintiff's culpable conduct in the form of both contributory negligence (*see* PJI 2:87) and implied assumption of risk (*see* PJI 2:55). The jury should be further instructed to consider collectively plaintiff's acts as a passenger and as a supervising driver "in order to fix the relationship of each party's conduct to the injury sustained" (*Arbegast*, 65 NY2d at 168).

Entered:  December 30, 2011                  Frances E. Cafarell
                                             Clerk of the Court