■ JOSE A. MEJIA, Plaintiff, v DEBORAH KENNEDY et al., Defendants. (Action 1.) DEBORAH KENNEDY, Appellant, v ASHLEY R. FILIPPI, Respondent, et al., Defendant. (Action No. 2.) [2 NYS3d 176]—

In two related actions to recover damages for personal injuries, Deborah Kennedy, the plaintiff in action No. 2, appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), entered November 27, 2013, as, upon renewal, adhered to an original determination in an order dated May 30, 2012, denying her cross motion for summary judgment on the issue of liability against the defendant Ashley R. Filippi.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises out of a motor vehicle collision at the intersection of Jericho Turnpike and Brush Hollow Road in Nassau County. A vehicle operated by Jose Mejia collided with a vehicle owned by Deborah Kennedy, which was operated by Ashley R. Filippi, who is Kennedy's niece. Mejia commenced an action against Kennedy and Filippi (action No. 1), to recover damages for personal injuries he allegedly sustained as a result of the collision and moved for summary judgment against Kennedy and Filippi on the issue of liability. Thereafter, Kennedy commenced an action against Filippi and Mejia (action No. 2) and cross-moved for summary judgment on the issue of liability against Filippi. Following the Supreme Court's denial of her motion, Kennedy moved for leave to renew her prior cross motion, asserting new facts. The Supreme Court granted renewal, and, upon renewal, adhered to its original determination denying Kennedy's cross motion. Kennedy appeals.

The learner-driver with a permit "may only operate a motor vehicle while under the immediate supervision and control of a duly licensed driver" (Savone v Donges, 122 AD2d 34, 34 [1986]; see Vehicle and Traffic Law § 502 [5] [a] [ii]). A licensed driver "is under a duty to use general or reasonable care in the instruction and supervision of the learner-driver" (Savone v Donges, 122 AD2d at 34; see Lazofsky v City of New York, 22 AD2d 858,

859 [1964]), and also must "take necessary measures to prevent negligence on the part of the driver with the learner's permit" (*Kuebler v Kuebler*, 90 AD3d 1611, 1612 [2011]).

Here, Kennedy permitted Filippi, who at the time, only possessed a learner's permit, to drive Kennedy's vehicle while Kennedy was in the front passenger seat next to Filippi. At her deposition, Fillipi testified that, after she had stopped for the red light, she observed a red arrow turn green for drivers in the left-turn lane. She testified that, upon seeing the left arrow turn green, she thought that the traffic signal directing her lane of traffic also had turned green, and proceeded to drive into the intersection through a traffic signal which was still red when the front of her vehicle struck the front passenger side of the vehicle operated by Mejia, who had been attempting to turn left. Kennedy testified that during this time she sat completely sideways in her front passenger seat so that she could watch Filippi driving and that due to her position, she did not observe any traffic control devices and did not observe the other vehicle turning left into the intersection with the right-of-way until the collision occurred. Kennedy never warned or in any way communicated any instructions to Filippi regarding the red light, the left-turn signal, or the approaching vehicle with the right-of-way that was entering the intersection.

Upon renewal, the Supreme Court properly denied Kennedy's cross motion for summary judgment on the issue of liability against Filippi. In support of her renewed cross motion, Kennedy submitted the transcript of a new deposition of Filippi, in which Filippi recanted certain earlier deposition testimony that she had given regarding Kennedy's actions immediately prior to the accident. The contradictory testimony of Filippi which was offered by Kennedy raises an issue of credibility as to material facts that is not appropriate for summary determination (*see Knepka v Tallman*, 278 AD2d 811 [2000]). Moreover, Kennedy's own testimony regarding her actions in the vehicle raises an issue of fact as to whether Kennedy breached "her duty to use reasonable care in the instruction and supervision of the learner-driver," Filippi (*Savone v Donges*, 122 AD2d at 35), and the extent to which any such breach contributed to the accident (*see Lozier v Lozier*, 245 AD2d 428 [1997]). Therefore, upon renewal, the Supreme Court properly adhered to its original determination denying Kennedy's cross motion for summary judgment on the issue of liability against Filippi. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.