CHAIRESE HARRISON, Appellant, v CRESCENT DRIVING SCHOOL et al., Respondents. [4 NYS3d 539]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered April 4, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff, who was employed by the Department of Motor Vehicles as a license examiner, allegedly sustained injuries while administering a road test. The plaintiff was sitting in the passenger seat of a vehicle operated by the defendant Neeha Bhalia, and owned by the defendant Crescent Driving School, when Bhalia attempted to make a right turn during the road test and allegedly struck a street sign pole near the intersection of 145th Street and 115th Avenue in Jamaica, Queens. The plaintiff commenced this action against the defendants, and the defendants moved for summary judgment dismissing the complaint arguing, inter alia, that the action was barred

by the doctrine of assumption of the risk. The Supreme Court granted the motion. We reverse.

The defendants failed to establish, prima facie, that the action was barred by the doctrine of assumption of the risk. The fact that the plaintiff knowingly entered a vehicle operated by an unlicensed motorist merely raised a triable issue of fact as to her comparative negligence (*see* CPLR 1411; *see generally Custodi v Town of Amherst*, 20 NY3d 83 [2012]; *Kuebler v Kuebler*, 90 AD3d 1611 [2011]). Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

In light of our determination, it is not necessary to reach the merits of the parties' remaining contentions.

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.